## Charles E. Wilson v. Victoria Wilson.

1. SEPARATE MAINTENANCE—*Effect of Offer by Husband to Live with Wife.*—An offer by a husband to live with his wife and support her, does not bar a suit for separate maintenance, as the court is not required to believe that such an offer is sincere.

Separate Maintenance.—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

THOMPSON & McCASLIN, attorneys for appellant.

WALTHER & LANAGHEN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
February 11, 1894, these parties were married.

They are both Scandinavians, but he was thirty years old, had been in this country fifteen years, and seems to have become thoroughly Americanized in language and business habits, while she was an almost child of seventeen years, with a very imperfect knowledge of the English language, and probably manners not wholly similar to those of ladies with whom he brought her into association.

They began their married life in a boarding house, and their statements, as well as the statements of their respect-

ive witnesses, are widely variant, as to the conduct of the newly wedded pair toward each other.

It is certain that in November, 1894, she left Chicago, and soon was with his mother in Norway.

Having returned, she filed, September 24, 1895, this bill for separate maintenance. May 4, 1896, the court ordered that the appellant pay the appellee $50 per month temporary alimony, the first payment to be made five days thereafter, and $100 solicitor's fees within thirty days. From that order this appeal was taken.

That order is attacked upon the ground that the differences between the parties were trivial, could be easily reconciled, and that he offered her a home with him two days after the order was made.

That offer was by letter, and came into the case as part of cause shown by him, why he should not be attached for contempt for failure to obey the order of May 4, 1896. The letter is:

"Chicago, May 6, 1896.

Mrs. Victoria Wilson.

Dear Victoria: I have rooms provided for us to live in at 215 North State St., and have arranged for our board and living there, where you can come at any time and live with me and I will support you. Will you come and when? Please answer by bearer.

Sincerely,

C. E. Wilson."

Although addressed to " Dear Victoria " and signed " Sincerely," the court had still before it the question of sincerity.

The suit had been pending more than seven months with no step by him toward conciliation.

There were in the record a great many letters from him to her, similarly addressed and signed, from December 11, 1894, to July 12, 1895. In one of March 27, 1895, he says:

" I say to you frankly that I will never live with you again. No; I will go to State's prison first and serve out my time and then be free from any tie. This is my decision,

Victoria, no matter how you try or what you do; you will never live with me again, and there is no law in the world can compel me to live with you, you know that."

It is unnecessary to quote much; the letters contain a great deal of bitterness.

We can not say that the court was required to believe that the offer was sincere. The amount awarded seems rather liberal. He is on a salary of one hundred and eighty to two hundred dollars per month—there is a dispute as to the amount—out of which, in a very vague way, he says "he contributes to the support of his mother and widowed sister with five small children." But the award is only temporary.

It does not appear that pending the suit anything has been paid. He is at liberty to hasten to a final decree, if he can not revivify his early love and her response to it. They are yet young enough to forgive, and assume to forget.

The order appealed from is affirmed.