HUMPHREY, Appellant, v. HUMPHREY, Respondent.

St. Louis Court of Appeals, November 28, 1905.

DOMICILE: Divorce. Where a wife, after her marriage, moved from another State to this, lived with her husband for more than a year until he deserted her, and then made temporary visits to other places for the purpose of medical treatment and to visit her children without the intention of changing her domicile, she was a resident of this State "one whole year" so as to maintain an action for divorce.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. S. McIntyre* for appellant.

BLAND, P. J.—Prior to their marriage in November, 1901, plaintiff was a resident of Chicago, Illinois, and defendant of St. Louis, Missouri, he being a practicing physician and having an office in said city. After the marriage the parties resided together as man and wife at the West End Hotel, in said city of St. Louis, plaintiff paying the board bills for both parties. About November 2, 1903, the defendant packed his trunk and left the West End Hotel, informing plaintiff that he was leaving her permanently and did not intend to live with her again. On November 17, 1904, a few days over a year from the date of the abandonment, plaintiff commenced her suit against the defendant for a divorce on the statutory ground of abandonment without just cause

or excuse. Personal service was had on defendant, but he filed no answer. He was subpœnæd as a witness, however, and testified that when he left the plaintiff at the West End Hotel, November 2, 1903, he left with the intention of not living with her as his wife again and that that intention had continued to the time of the trial.

The evidence shows that the plaintiff was a kind and affectionate wife, a woman of refinement and of irreproachable character, and that the abandonment by her husband was wholly without cause. Notwithstanding this evidence, the circuit court refused to grant her a divorce and dismissed her bill on the ground, as stated in brief of counsel, that the court was of opinion that plaintiff had not been a resident of the State of Missouri for one whole year next before the filing of her petition. On this branch of the case, the evidence shows that defendant has not changed his residence; that plaintiff has considerable means of her own and has children living in Battle Creek, Michigan; that she has been in poor health for some years and had been prior to her marriage to defendant, and had been treated by a physician in Chicago before and after her marriage; that she had undergone two operations in that city and expected to have to undergo a third; that she continued to reside at the West End Hotel for about two weeks after her husband abandoned her and then went to Chicago and stopped at a hotel, registering as from St. Louis; that she bought goods of Marshall. Field & Co., of Chicago, on credit and ordered the bills to be directed to her at St. Louis; that she visited her children at Battle Creek, Michigan, for about six weeks and visited California and remained there several weeks. Plaintiff testified that at all times after her marriage she considered St. Louis her home, still considered it her home, so informed her friends and so registered at hotels where she stopped. She is corroborated in these statements by the evidence of her friends and by the reg-

isters of hotels where she stopped, and there is not a scintilla of evidence in the record showing that she abandoned her home in the city of St. Louis.

A domicile is the place where a person lives and has his home. [Mitchell v. United States, 88 U. S. 350; Anderson v. Estate of Anderson, 42 Vt. 350; Borland v. Boston, 132 Mass. 89.] There is no doubt that by marrying defendant and coming with him to St. Louis and there living with him as his wife, the plaintiff acquired a domiciliary residence in said city. Her mere absence from the said city after being deserted by her husband, without the intention of making her home elsewhere, did not effect a change of her domicile. [State v. Sanders, 106 Mo. 188, 17 S. W. 223; Hall v. Schoenecke, 128 Mo. l. c. 667, 31 S. W. 97; State ex rel. v. Banta, 71 Mo. App. 32.]

In Newton v. Commissioners, 100 U. S. 548, it is said: "Domicile is acquired by residence and the *animus manendi*, the intent to remain. A permanent residence is acquired in the same way. In neither case is the idea involved that a change of domicile may not thereafter be made. But this in nowise affects the pre-existing legal status of the individual in either case while it continues."

In Hamill v. Talbot, 81 Mo. App. l. c. 215, the court said: "The statutory terms 'resident or residence' as used in divorce statutes contemplate, as we think, an actual residence with substantially the same attributes as are intended when the term 'domicile' is used. They do not mean the place where the defendant in fact resides for the time being. They mean a residence of a permanent and fixed character—a domicile," citing Bishop on Marriage and Divorce, sec. 109; Pate v. Pate, 6 Mo. App. 49, and a number of cases from other States.

The plaintiff could not have two domiciles at the same time and the one she had in St. Louis was not lost by her absence from the State, unless she left the State with the intention of not returning and residing here.

[Warren v. Board of Registration, 2 L. R. A. 203.] She did not acquire a domicile in Chicago, where, as the evidence shows, she merely went for medical treatment and surgical operations, nor at Battle Creek, Michigan, where she went on a visit to her children for six weeks, nor did she acquire a domicile in California, where she also went on a visit for only a few months. There is no evidence whatever in the record to show that she changed her domicile or entertained a purpose to change it or to take up her residence permanently elsewhere than in the city of St. Louis, and we conclude that she retained her residence in the city of St. Louis and is entitled to prosecute her suit for a divorce in the courts of said city and, as the evidence on the merits clearly shows she is entitled to the relief prayed for in her petition, the judgment is reversed and the cause remanded with directions to the circuit court to enter a decree granting her a divorce in accordance with the prayer of her petition. All concur.