Behrle v. Behrle.

## BEHRLE, Respondent, v. BEHRLE, Appellant.

St. Louis Court of Appeals, November 27, 1906.

1. **HUSBAND AND WIFE:** Support and Maintenance: Alimony. Where a wife brought suit under section 4327, Revised Statutes 1899, for support and maintenance against the husband who had abandoned her, she was entitled to alimony *pendente lite*; the court had equitable jurisdiction to award such alimony and it has no analogy to such an award in a suit for divorce.

2. ——: ——: ——: Appeal. Where in such an action the issues were found against the wife and in favor of her husband, the court should not allow such suit money for the purpose of prosecuting her appeal unless satisfied that the appeal was taken in good faith and possessed merit.

Appeal from St. Louis City Circuit Court.—*Hon. C. Orrick Bishop*, Judge.

AFFIRMED.

*Henry H. Oberschelp* for appellant.

(1) The trial court was without jurisdiction or authority to make any order on the defendant to pay plaintiff in connection with her appeal from the court's decree against her in her suit for maintenance. (a) At common law the only way a wife could enforce her right against her husband for maintenance was to pledge his credit for necessaries with third parties. Schouler on Domestic Relations (5 Ed.), sec. 61, p. 98. (b) Neither can she sue him in equity to maintain her out of his own wages or his own property. 2 Pomeroy's Equity Jurisprudence (2 Ed.), p. 1668, sec. 1119. (c) No court, not even the ecclesiastical court, had any original jurisdiction to give the wife separate maintenance. 15 Am. and Eng. Ency. Law (2 Ed.), p. 814. (d) Plaintiff's suit for maintenance is based and can only be based on the statute, and the statute does not authorize the courts

to order the husband to pay the wife for her appeal from its decree against her. Laws 1825, pp. 329-332, Act concerning Divorce and Alimony and Maintenance, approved January 17, 1825, now found in the present revision separated, chapter 20, on Divorce, and sec. 4327 on Maintenance. Mahn v. Mahn, 63 Mo. App. 377; Droege v. Droege, 52 Mo. App. 89; Doyle v. Doyle, 26 Mo. 549; McIntire v. McIntire, 80 Mo. 472; Young v. Young, 78 Mo. App. 228; 1 Bishop on Marriage, Separation and Divorce, secs. 1400, 1393; 2 Am. and Eng. Enc. Law (2 Ed.), pp. 93-95. Even if the court had authority, it was not right or proper to make the order complained of. (a) The evidence showed that "the nature of the case and the circumstances of the parties" did not "require" such an order. R. S. 1899, sec. 4327.

*F. X. Geraghty* for respondent.

(1) "But an allowance as alimony *pendente lite* may be made in an action of alimony without divorce, where the wife is without means and the husband is able to furnish them." 2 Am. & Eng. Ency. Law (2 Ed.), p. 99, 111; Long v. Long, 78 Mo. App. 32; Johnson v. Johnson, 125 Ill. 510; McFarland v. McFarland, 64 Miss. 449; Harding v. Harding, 144 Ill. 597. (2) The circuit court may, in granting an appeal to a wife from a decree of divorce' in favor of her husband, allow her alimony both for her support and expense of the litigation during the pendency of the appeal, unless it is manifest that the appeal is without merit. (3) The circuit court is the proper court to make such an order. State ex rel. v. St. Louis Court of Appeals, 88 Mo. 138; State ex rel. v. Seddon, 93 Mo. 522; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 222. (4) The court properly based its award for suit money pending appeal on the evidence heard at the opening of the original suit. Rosenfeld v. Railroad, 63 Mo. App. 413. (5) The wife is entitled to alimony and suit money so long as the litigation con-

tinues. State ex rel. v. Seddon; 93 Mo. 522; 2 Am. and Eng. Ency. of Law (2 Ed.), p. 110; 2 Am. and Eng. Ency. of Law (2 Ed.), p. 113.

BLAND, P. J.—Section 4327, chapter 51, Revised Statutes 1899, entitled "Married Women" provides: "When the husband, without good cause, shall abandon his wife, and refuse or neglect to maintain and provide for her, the circuit court, on her petition for that purpose, shall order and adjudge such support and maintenance to be provided and paid by the husband for the wife and her children, or any of them, by that marriage, out of his property, and for such time as the nature of the case and the circumstances of the parties shall require," etc. The plaintiff's action is bottomed on this section. Defendant, by his answer, denied that he abandoned his wife, and countercharged that she had abandoned him, without good cause, alleged indignities and such other misconduct on the part of his wife as would, in a proper suit, entitle him to a divorce, and prayed that he be divorced from his wife. The cause was heard by the circuit court and the following judgment rendered (omitting caption):

"Now at this day this cause coming on for hearing come the parties hereto by their respective attorneys and submit this cause to the court upon the pleadings, evidence and proof adduced, and the court, after being sufficiently advised herein, doth find in favor of the defendant on the issues joined in the plaintiff's petition and the answer thereto, it is therefore considered and adjudged by the court that plaintiff take nothing by her suit in this behalf and that defendant go hence without day, and recover of plaintiff his costs and charges herein expended, and that execution issue therefor. It is further considered and adjudged by the court that the defendant's cross-bill be and the same is hereby dismissed for want of jurisdiction of the court."

Plaintiff was granted an appeal from this judg-

ment, and on her motion, after hearing evidence in respect to the financial condition of the parties and their earning capacity, the court made the following order:

"That defendant pay to plaintiff the sum of $50 as and for attorney's fees and to pay the costs of transcript, filing fee and brief, said sum of $50, be paid on or before August 6, 1906."

Defendant appealed from this order. The jurisdiction and authority of the circuit court making the order is challenged by the defendant. At common law, the wife has the implied authority, as agent of her husband, to pledge his credit for the necessaries of life (Schouler's Domestic Relations, sec. 61), but she cannot sue her husband at common law for maintenance. [15 Am. and Eng. Ency. of Law (2 Ed.), p. 814.]

The Kansas City Court of Appeals, in Long v. Long, 78 Mo. App. 32, held the wife, in an action against her husband for separate maintenance, was entitled to alimony *pendente lite,* and that the statutory provisions in relation to alimony in suits for divorce do not militate against this right.

Illinois has a statute which provides: "That married women who, without their fault, now live, or hereafter may live separate and apart from their husbands, may have their remedy in equity in their own names, respectively, against their husbands for a reasonable support and maintenance while they so live, or have so lived, separate and apart; and in determining the amount to be allowed, the court shall have reference to the condition of the parties in life and the circumstances of the respective cases; and the court may grant allowances to enable the wife to prosecute her suit as in cases of divorce."

In Harding v. Harding, 144 Ill. l. c. 597, the court, in discussing the remedy, said: "The remedy is given in equity, and when the aid of that jurisdiction is properly invoked, it necessarily calls into activity all of the ordinary powers of the court necessary to render the remedy

efficacious and complete. Upon bills for separate maintenance, as in divorce cases, the court is required to deal with the rights and duties of the parties, growing out of their marital relations, and in the jurisdiction to determine the causes, there necessarily exists the power to compel the doing of such acts by the parties as are necessary to effectuate the purpose for which the jurisdiction is conferred. Thus, in speaking of the power to grant provisional alimony, independently of statute authorizing it, Bishop says:·'It springs necessarily from the legal relation of the parties,·and the condition of facts appearing of record before the court to which the application is made.' By reference to the authorities cited, it will be found that the uniform practice of the ecclesiastical courts of England, where divorces *a mensa et thoro* only were granted, was to allow provisional alimony and suit money upon proper application. This statute is to be liberally construed to advance the remedy. There is the same reason why the wife, who is compelled to live apart from her husband, without fault, should receive that reasonable support that he is bound by law to provide her, pending the determination of her suit that exists when she is complainant in a divorce proceeding. To refuse to allow her a reasonable support *pendente lite* would, in many cases, be to deny her the right to prosecute her suit altogether. The Legislatures have intended to place bills of this character upon the same footing, in the respect of being considered, as proceedings for divorce, and we are of opinion that the court is warranted, in proper cases, in granting such allowance to the wife as is usual and proper in divorce proceedings. And such has, as we understand, been the uniform practice in this State since the passage of the statute referred to."

After reviewing the English cases which deny the wife the right to sue her husband for separate maintenance, Story says: "In America a broader jurisdiction in cases of alimony has been asserted in some of our

courts of equity; and it has been held that if a husband abandons his wife and separates himself from her without any reasonable support, a court of equity may in all cases decree her a suitable maintenance and support out of his estate, upon the very ground that there is no adequate or sufficient remedy at law in such a case. And there is so much good sense and reason in this doctrine, that it might be wished it were generally adopted." [2 Story's Equity Jurisprudence, p. 757, sec. 1432a (13 Ed.).]

In Glover v. Glover, 16 Ala. 440, the English and American cases were reviewed by the court and the conclusion reached, that while in England there is no jurisdiction in equity entitling a married woman to sue her husband for separate maintenance, the right of the wife to sue her husband in equity for separate maintenance, where he has abandoned her and cast her off without the means of sustenance, is well established in America. To the Illinois and Alabama cases may be added Milliron v. Milliron, 68 N. W. 286; Bueter v. Bueter, 45 N. W. 208; Simpson v. Simpson, 59 N. W. 22; Starke v. Starke, 99 Calif. 621; Miller v. Miller, 15 South. 222. In the light of these American authorities our statute should be regarded as a legislative adoption or recognition of the equity jurisdiction of the circuit court to award the wife separate maintenance out of her husband's estate when he has abandoned her without her fault and she is without means of support. This equity jurisdiction to award alimony to the wife who has been abandoned by her husband without her fault, has no analogy to a suit for divorce from the bonds of matrimony, and the case of Doyle v. Doyle, 26 Mo. 545, where Judge SCOTT, at page 549, said: "The extent of the jurisdiction of our courts in matrimonial cases is limited by statute; a court has no authority to grant alimony but as an incident to a divorce, except where it is conferred by law," does not militate against the views herein expressed and has no bearing whatever upon the case. If the wife

should be without means to prosecute her suit, the allowance to her of suit money is not only equitable and just, but necessary, and should not be denied on a proper showing. But where the issues on the trial are found for the husband, the wife should not be allowed to draw upon his means for money to prosecute an appeal, unless the trial court is satisfied the appeal is taken in entire good faith and possesses some merit. These views necessarily lead to an affirmance of the judgment. It is so ordered. All concur.