# CLARA F. WYRICK, Respondent, v. DOUGLAS J. WYRICK, Appellant.

### Springfield Court of Appeals, March 26, 1912.

1. **MAINTENANCE: Equity: Alimony Pendente Lite: Husband and Wife.** A suit for maintenance by a wife against her husband is in the nature of an equitable action. There is no statute authorizing the allowance of alimony *pendente lite* in such action. It is only by virtue of the inherent equity powers of the court that such allowance may be made.

2. **EQUITY: Reviewing Evidence.** In an equity proceeding the court on appeal will review the testimony and the findings of the lower court are not binding upon the appellate court.

3. ————: ————: **Deferring to Trial Court's Finding.** In an equity proceeding the usual practice is for the appellate court

to defer largely to the findings of the chancellor, when the evidence is conflicting. This is especially true where the witnesses have testified orally.

4. **MAINTENANCE: Actions: Venue.** An action by a wife for maintenance may be brought in the county where the defendant resides, or in the county where the plaintiff resides and the defendant may be found.

5. **DOMICILE: Husband and Wife: Divorce: Maintenance.** Under the common law the domicile of the husband was the domicile of the wife and this is the general rule followed by the courts to-day in most actions, other than those for divorce and maintenance.

6. ———: ———: ———: ———. When the conduct of the husband justifies the wife in leaving him and furnishes grounds for divorce, then she has the right to acquire a domicile of her own independent of his, and in this state a wife may establish a separate residence or domicile for the purpose of fixing the venue for an action of either maintenance or divorce.

7. ———: ———: ———: ———. The domicile of a person is the place in which such person has voluntarily fixed his abode with the present intention of making it his permanent home. Evidence in this case examined and *held* sufficient to show that the plaintiff resided in Wright county with the intention of making it her permanent home, and fixed the venue in an action for maintenance brought in such county, where process was served upon her husband therein, although he was a resident of another county.

8. **MAINTENANCE: Divorce: Temporary Alimony: Validity of Marriage.** Where a *de facto* marriage relation exists the question as to the validity of the marriage is not a question to be determined in passing on a motion for temporary alimony and the circuit court has the power to grant alimony *pendente lite* upon the showing of the *de facto* marriage, regardless of the validity of said marriage.

9. ———: ———: ———: Offer of Husband to Live With Wife. In an action by a wife for maintenance the offer upon the part of the defendant to take the plaintiff back into his home as his wife and her refusal to return is not a bar to the action or to the granting of alimony *pendente lite*, when such offer is not made in good faith and the wife cannot reasonably expect the husband to keep his promise, and the court is not required to believe that such offer is sincere.

Appeal from Wright Circuit Court.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*E. H. Farnsworth* and *Lamar, Lamar* and *Lamar* for appellant.

(1) The word "residence" within the meaning of the statute providing for the venue of actions means a permanent and fixed home and is synonymous with the word "domicile." Humphrey v. Humphrey, 115 Mo. App. 363; Hamill v. Talbot, 81 Mo. App. 216; State ex rel. v. Shepherd, 218 Mo. 666; Green v. Beckwith, 38 Mo. 384; Crenshaw v. Insurance Co., 71 Mo. App. 42; McDowell v. Friedman, 135 Mo. App. 287; Lagerholm v. Lagerholm, 133 Mo. App. 306; Railroad v. Monell, 110 S. W. 506; Railroad v. Cloyd, 78 S. W. 43; Railroad v. Elder, 99 S. W. 856. (2) Mere physical presence or staying at a place does not constitute residence or domicile. State ex rel. v. Dayton, 77 Mo. 678; Shirk v. Shirk, 75 Mo. App. 583. (3) The residence or domicile of the husband is the residence or domicile of the wife. The wife's domicile merges in that of the husband. Schouler's Domestic Relations (2 Ed.), sec. 37; State ex rel. v. Wirdeman, 129 Mo. App. 277; McPherson v. McPherson, 70 Mo. App. 330; Comerford v. Coulter, 82 Mo. App. 362; King v. King, 64 Mo. App. 301; Mowser v. Mowser, 87 Mo. 437. (4) This is true although the husband and wife may be living apart. Harrison v. Harrison, 56 Am. Dec. 227; Farris v. Sipex, 41 S. W. (Tenn.) 443; Anderson v. Watt, 138 U. S. 706, 34 L. Ed. 1082; Cheely v. Clayton, 110 U. S. 705, 28 L. Ed. 298; Loker v. Jerrold, 157 Mass. 42, 34 Am. St. 252. (5) When a residence has been established in one place such residence continues until another has been acquired. Plaintiff alleges marriage with defendant and when she established a residence with him in Douglas county at his home and residence, it became her home and residence also and continued to be such until another should be established. DeMeli v. De

Meli, 120 N. Y. 485, 17 Am. St. 652; Duxstad v. Duxstad, 17 Wym. 411, 100 Pac. 112, 129 Am. St. 1138; Ayer v. Weeks, 65 N. H. 248, 23 Am. St. 37; People v. Moir, 207 Ill. 180, 69 N. E. 905, 99 Am. St. 205. (6) To constitute "abandonment" within the meaning of the law, where the wife leaves the husband, as in this case, the conduct of the husband must be such as to entitle the wife to a divorce. This record not only fails to disclose such facts but the testimony shows to the contrary; that the wife refused to remain at home of the defendant because it was isolated and she was lonely. She had been accustomed to living in the city and refused to live on the ranch. Droeger v. Droeger, 52 Mo. App. 84; McGrady v. McGrady, 48 Mo. App. 668; Polsten v. Polsten, 145 Mo. App. 606; Heyman v. Heyman, 104 N. Y. S. 667. (7) Under the modern rule alimony *pendente lite* is a matter of necessity. If the woman has property or means to carry on the litigation, alimony *pendente lite* will not be allowed. Stark v. Stark, 115 Mo. 440; Peningworth v. Peningworth, 71 Mo. App. 441; Lambert v. Lambert, 109 Mo. App. 21; Hedrick v. Hedrick, 138 S. W. 678. (8) In actions of this nature, unless the marriage relation is admitted or found by the court to exist from the evidence, there it no power to award temporary alimony. Pain v. Pain, 37 Mo. App. 110; McKenna v. McKenna, 70 Ill. 340; Hite v. Hite, 57 Pac. 227, 124 Cal. 389, 71 Am. St. 82; Reed v. Reed, 37 So. 642, 85 Miss. 126; In re Graham, 46 Atl. 224. (9) Where a marriage is void by reason of one of the parties having a spouse living, there can be no ratification of such marriage and neither of the parties can by any act become estopped to deny its existence. 26 Cyc. 867; Pain v. Pain, 27 Mo. App. 110; Snuffer v. Carr, 197 Mo. 191; Cartwright v. McGowen, 121 Ill. 288, 2 Am. St. 105.

*A. M. Curtis* and *Chas. W. Evans* for respondent.

(1) Unquestionably the common law rule was that the domicile of the husband was the domicile of the wife, and this is the general rule followed by the courts to-day in matters other than for divorce or separate maintenance. While it has not been decided in this state whether or not a wife may establish a separate domicile from that of her husband for the purpose of maintaining an action for separate maintenance, it has been so decided in other jurisdictions and is the generally accepted rule. 14 Cyc. 848; Watertown v. Greaves, 112 Fed. 183; Moffatt v. Moffatt, 5 Cal. 280; Shute v. Sargent, 67 N. H. 305; Shaw v. Shaw, 98 Mass. 158; Lyon v. Lyon, 30 Hun (N. Y.) 455; Arrington v. Arrington, 102 N. C. 490; Rundle v. Inwegan, 9 N. Y. Civ. Proc. 328. (2) In this state a wife may establish a separate residence or domicile for purpose of fixing venue for a divorce action. Pate v. Pate, 6 Mo. App. 52; Coulter v. Coulter, 124 Mo. App. 155; 14 Cyc. 584, 585, 592; Gilmer v. Gilmer, 32 Ga. 685; Johnson v. Johnson, 12 Bush. (Ky.) 485; Vence v. Vence, 15 Howard (N. Y.) 497; Cain v. Cain, 5 Lanc. L. Rev. 373; Walton v. Walton, 96 Tenn. 25; Jones v. Jones, 60 Texas, 451. (3) The domicile of a person is the place in which such person has voluntarily fixed his abode not for a temporary purpose, but with the present intention of making it his permanent home. 14 Cyc. 833; State ex rel. v. Smith, 64 Mo. App. 313; Shirk v. Shirk, 75 Mo. App. 573; Adams v. Abernathy, 37 Mo. 196; Green v. Beckwith, 38 Mo. 384; Johnson v. Smith, 43 Mo. 499; Humphrey v. Humphrey, 115 Mo. App. 361; Stevens v. Larwill, 110 Mo. App. 140; State v. Snyder, 182 Mo. 462; McDowell v. Shoe Co., 135 Mo. App. 276. (4) Where a *de facto* marriage relation exists, the question as to the validity of the marriage is not a question to be determined in passing on a motion for temporary alimony, and the

circuit court has the power to grant alimony *pendente lite* upon the showing of a *de facto* marriage, regardless of the validity of said marriage. Long v. Long, 78 Mo. App. 32; Behrle v. Behrle, 120 Mo. App. 677. (5) The offer upon defendant's part to take plaintiff back into his home as his wife and her refusal to accept the same is not a bar to this action or to the granting of alimony *pendente lite,* when such offer is not made in good faith and the wife cannot reasonably expect the husband to keep his promises. 21 Cyc. 1602; Spengler v. Spengler, 38 Mo. App. 266; Lindenschmidt v. Lindenschmidt, 29 Mo. App. 295; Elliott v. Elliott, 48 N. J. Eq. 231; Briggs v. Briggs, 24 S. C. 377.

NIXON, P. J.—This was an action by the plaintiff under the statute for maintenance. On her motion the circuit court allowed plaintiff temporary alimony in the sum of $150, and from this action of the court the defendant appealed.

The petition alleges that plaintiff and defendant were married on the 29th day of March, 1911, in the state of Iowa, and that plaintiff lived with defendant as his wife until the 11th day of April, 1911; that during all that time plaintiff faithfully demeaned herself and discharged all her duties as the wife of the defendant and at all times treated him with kindness and affection; that she has her home and residence in Wright county in the state of Missouri; that on April 11, 1911, defendant, wholly disregarding his duties as the husband of the plaintiff, did, without good cause, abandon the plaintiff in Wright county in the state of Missouri, and has ever since refused, failed and neglected to maintain and provide for her. "Plaintiff further alleges that shortly after said marriage the defendant began a system of such cruel and barbarous treatment as to endanger the life of the plaintiff and offered to her such indignities as rendered her

condition intolerable; among other indignities and cruel acts he was continually cursing and abusing the plaintiff and using vile, obscene and profane language, and trying to drive her away from his home; that he slept with a pistol and a bottle of whiskey under his pillow or near the bed occupied by petitioner and defendant every night terrified the plaintiff. That the defendant is a man of extreme passions, and although he knew the plaintiff was not physically strong he was insisting upon the plaintiff satisfying his brutal sexual passions until within a few days after said marriage she was a physical wreck; that in order to gratify his passions he forced the plaintiff to swallow whiskey, and otherwise enforced brutal treatment upon her." The prayer is that an order and decree be entered that defendant pay her for her support and maintenance the sum of seventy-five dollars monthly and that defendant be compelled to give security for such maintenance and that defendant be required to pay alimony and attorneys' fees pending this proceeding.

The defendant in his answer alleges want of jurisdiction "for the reason that the plaintiff at the time of bringing said suit was not a resident of Wright county, Missouri, and this defendant was, at said time, and at the time of service or process on him herein, a resident of Douglas county, Missouri, and for the reason that at the time said suit was brought and at all times since said date both the plaintiff and the defendant were non-residents of Wright county, Missouri, and neither of said parties resided within said county, and because defendant says that no status of marriage ever existed between plaintiff and defendant in said Wright county, Missouri." The answer also sets up a general denial, and a plea that plaintiff at the time of her marriage to the defendant was the lawful wife of one John Graham Adair.

Plaintiff filed the following motion for temporary alimony (formal parts omitted): "Now comes the plaintiff and represents to the court that she has commenced in this court an action against this defendant, her husband, for support and maintenance, alleging among other things that this defendant had without cause ordered and driven her from his home and had neglected and refused to support and provide for her; that she is totally without means to support herself or to employ counsel to prosecute her said action; that the defendant, her husband, is seized and possessed of real and personal property to the value of $20,000. Wherefore plaintiff prays the court for a reasonable allowance and judgment for alimony against the defendant for the support and maintenance of herself and to pay attorneys' fees for the prosecution of her said action."

Upon hearing this motion, the court sustained the same and temporary alimony was allowed in the sum of $150. The plaintiff's testimony was, in part, as follows: That just before her marriage to defendant, she and defendant went to the office of an attorney in the city of Omaha, Nebraska, whom she had formerly known, and asked him if the divorce had been granted, and that said attorney informed them that it had not and could not be granted for sometime. That defendant was very insistent that a divorce was unnecessary and was urging the marriage at once without any divorce; that they asked said attorney about this and the substance of his answer was that they had no legal right to marry, but there probably would be no trouble over it if they did unless her former husband returned. That after this she and the defendant crossed into Iowa and were married. That she had no property except a town lot in a town in Illinois which was worth about $200. That after being abandoned by her husband in Mountain Grove, in Wright county, Missouri, she went to the Palace

Hotel where she secured employment as a domestic. That she had never been divorced from her former husband and did not know whether he was living or dead. On being asked by the court if she was willing to return to and live with the defendant she stated that she was not; that he had abandoned her once and she would not go back to him because of the way he had treated her while living with him.

The evidence given by the plaintiff was sub-stantiated in important particulars by the deposition of John T. Dillon, an attorney of Omaha, Nebraska.

The testimony of the defendant was substantially as follows: That a short time before he married the plaintiff she informed him that a divorce had been granted to her from her former husband and they went over into Iowa and were married; that soon thereafter they went to the home of the defendant in Douglas county, Missouri, reaching there on Tuesday; that plaintiff was dissatisfied with her home and surroundings and refused to remain longer than the following Monday, when the defendant, at the earnest solicitation of the plaintiff, took her to Mountain Grove, Missouri; that defendant asked the plaintiff where she desired to be taken and that she told him to put her out between the two hotels, which were just across the street from each other, and that defendant did so. That the plaintiff gave as a reason for not remaining on the farm with the defendant that she had been accustomed to living in the city and that she was so much isolated and so lonely that she could not and would not remain on the farm of defendant; that defendant's farm was in Douglas county, Missouri. Defendant further testified that he did not abandon the plaintiff; that he had been at all times willing and was now willing to live with the plaintiff if she would come and live with him; that he would support and provide for her in a manner commensurate with their condition and situation in life, and would treat her

with kindness and affection, and that he was ready to do this at any time the plaintiff would come back and live with him. Defendant also stated that his residence is Douglas county, Missouri, and that he had never been at any time a resident of Wright county, Missouri. That defendant is the owner of 640 acres of land in Douglas county, Missouri, worth about five or six dollars an acre, free from incumbrance, and also eighty acres of land in Nebraska worth about $4000 incumbered for $2000, and that he owns a small amount of personal property, but has no money.

A suit for maintenance by a wife against her husband is in the nature of an equitable action. There is no statute authorizing the allowance of alimony *pendente lite* in such actions; it is only by virtue of the inherent equity powers of the court that such allowance may be made. This being an equity proceeding, the court on appeal will review the testimony, and the findings of the lower court are not binding upon the appellate court. [Behrle v. Behrle, 120 Mo. App. 677, 97 S. W. 1005.] It will be seen that the testimony of the plaintiff and the defendant in the case was oral and was in sharp and irreconcilable conflict. Upon the showing made, the chancellor gave credence to the plaintiff's testimony and found the issues as to alimony for her. While it is true that in equity cases the appellate court has jurisdiction to review the facts as well as the law, the usual practice is to defer largely to the finding of the chancellor when the evidence is very conflicting. The reason for this deference rule is because of the superior advantages possessed by the chancellor for weighing the evidence and judging the credibility of the witnesses, and this is more especially true where, as in this case, the witnesses have testified orally. [Foster v. Williams, 144 Mo. App. l. c. 227, 128 S. W. 797; Danforth v. Foster, 158 Mo. App. 94, 139 S. W. 520; Rood v. Crocus Hill Mining Co., 157 Mo. App. l. c. 410, 139

S. W. 222.] The evidence of the plaintiff is substantially corroborated in important particulars by the deposition taken, and, for the purpose of this appeal, under the rule stated, the evidence of the plaintiff will be taken as true.

The principal contention urged by the appellant upon our consideration is that the circuit court of Wright county had no jurisdiction of the cause by reason of plaintiff not being at the time of bringing the suit a resident of Wright county, and the defendant being at the same time and at the time of the service of process a resident of Douglas county, and that hence the plaintiff and defendant were nonresidents of Wright county and no status of marriage ever existed between them in Wright county.

Section 8301, Revised Statutes 1909, provides that in suits of his character the petition may be filed and the cause heard and determined by the court and that like process and proceedings shall be had as in other civil actions. Under this statute the action may be brought in the county wherein the defendant resides or in the county wherein the plaintiff resides and the defendant may be found. In this case the defendant was served with process in Wright county and the only question on the plea to the jurisdiction raised by the defendant is whether or not plaintiff "resided" in Wright county as required by the statute. The plaintiff testified as to her domicile as follows: That after being abandoned by her husband on the streets of Mountain Grove in Wright county, Missouri, she went to the Palace Hotel where she secured employment as a domestic; that some time afterwards, and after filing this suit, she went to Omaha, Nebraska, to visit her sister, and remained there about six weeks, after which she returned to Mountain Grove and resumed her employment at the Palace Hotel; that her trunk and personal belongings were left at said hotel during the time of her visit to her sister; that her home and

residence was at the Palace Hotel at Mountain Grove; that she had made her home with her sister in Omaha prior to coming to Missouri with the defendant, and had followed nursing as an occupation most of the time after her former husband's disappearance and prior to her marriage to defendant. The suit was commenced in Wright county on May 13, 1911. The separation is charged by plaintiff to have occurred on April 11, 1911.

Unquestionably the common law rule was that the domicile of the husband was the domicile of the wife, and this is the general rule followed by the courts to-day in most actions other than those for divorce and maintenance. [State ex rel. Taylor v. Wurdeman, 129 Mo. App. 263, 108 S. W. 144; McPherson's Adm'r v. McPherson, 70 Mo. App. 330; Comerford v. Coulter, 82 Mo. App. 362; King v. King, 64 Mo. App. 301; Mowser v. Mowser, 87 Mo. 437.]

It is earnestly contended by the appellant that such rule applies to the facts of this case; that when a residence has been established in one place, such residence continues until another has been acquired; that plaintiff alleges marriage to the defendant, and that when she established a residence with him in Douglas county at his home and residence, such residence became her home and residence also and continued to be such until another should be established; that the wife cannot leave the established domicile of herself and husband in one county and voluntarily go into another county, secure employment as a domestic, and by filing suit and getting service on the husband in the latter county, confer jurisdiction; that such suit must be brought where she had her home and residence at the time she was abandoned, where jurisdiction of the marriage status, as well as of the property, exists.

The decisions referred to by defendant to sustain his contention proceed upon the theory of an identity

in person between the husband and his wife, and that therefore the law fixes the domicile of the wife by that of the husband, and that she is ordinarily denied during the existence of the marital relation the power of acquiring a domicile of her own separate and apart from him. [14 Cyc. 846.]

But whatever were the earlier authorities on this subject, the later ones are more liberal, and whenever the husband by reason of his misconduct toward his wife destroys the unity of the marital relation, a different rule has been adopted for her protection, and when his conduct justifies her in leaving him and furnishes ground for divorce, then she has the right to acquire a domicile of her own independent ·of his. [Succession of Benton, 31 So. (La.) 123.] This principle is deeply imbedded in the law of this state in actions for divorce. Here a wife may establish a separate residence or domicile for the purpose of fixing the venue for a divorce action. [Pate v. Pate, 6 Mo. App. 49, 52; Coulter v. Coulter, 124 Mo. App. 149, 155, 100 S. W. 1134; 14 Cyc. 584, 585, 592; see, also, Gilmer v. Gilmer, 32 Ga. 685; Johnson v. Johnson, 12 Bush (Ky.) 485; Walton v. Walton, 96 Tenn. 25; Jones v. Jones, 60 Tex. 451.] If a residence separate from her husband may be established by the wife for the purpose of maintaining an action for divorce, there is no good reason why it cannot be established for actions for separate maintenance, provided the grounds for maintenance would authorize a divorce. That a wife may establish a separate domicile from that of her husband for the purpose of maintaining an action for separate maintenance has been often held in other jurisdictions and is the generally accepted rule. [14 Cyc. 847, 848; Watertown v. Greaves, 112 Fed. 183; Moffatt v. Moffat, 5 Cal. 280; Shute v. Sargent, 67 N. H. 305; Shaw v. Shaw, 98 Mass. 158; Lyon v. Lyon, 30 Hun (N. Y.) 455; Arrington v. Ar-

rington, 102 N. C. 490; Rundle v. Inwegan, 9 N. Y. Civ. Proc. 328.]

Appellant however contends that the plaintiff in this case did not establish a residence in Wright county. The word "residence," as used in the statute fixing the venue of actions, is synonymous with the word "domicile." [Humphrey v. Humphrey, 115 Mo. App. 361, 91 S. W. 405.] The domicile of a person is the place in which such person has voluntarily fixed his abode, not for a temporary purpose. but with the present intention of making it his permanent home. [14 Cyc. 833.] "Domicile" is residence coupled with intention. [State ex rel. Blackburn v. Smith, 64 Mo. App. 313; Shirk v. Shirk, 75 Mo. App. 573; Adams v. Abernathy, 37 Mo. 196; Green v. Beckwith, 38 Mo. 384; Johnson v. Smith, 43 Mo. 499.] "Domicile" is largely a matter of intention. The testimony of plaintiff, corroborated by that of Mrs. Mace, shows that plaintiff is residing in Wright county, and that she intends it to be and is making it her permanent home. [Stevens v. Larwill, 110 Mo. App. 140. 84 S. W. 113; State v. Snyder, 182 Mo. 462, 82 S. W. 12; McDowell v. Friedman Bros. Shoe Co., 135 Mo. App. 276, 115 S. W. 1028.] The question of "residence" or "domicile" is one of fact and the finding of the chancellor in this case is amply justified by the evidence.

The appellant contends that in actions of this nature unless the marriage relation is admitted or found by the court to exist from the evidence, there is no power to award temporary alimony.

Where a *de facto* marriage relation exists, the question as to the validity of the marriage is not a question to be determined in passing on a motion for temporary alimony, and the circuit court has the power to grant alimony *pendente lite* upon the showing of a *de facto* marriage, regardless of the validity of said marriage. [Long v. Long, 78 Mo. App. 32; Behrle v. Behrle, supra.] In this case the testimony

of both plaintiff and defendant discloses the fact that they were married in Sioux City, Iowa, on March 27, 1911. Hence the marriage relation did exist, and for the purpose of this motion the court need not decide the validity of said marriage. The question of the validity of the marriage can only be decided when the case is finally tried upon its merits.

The offer upon defendant's part to take plaintiff back into his home as his wife and her refusal to return is not a bar to this action, or to the granting of alimony *pendente lite,* when such offer is not made in good faith and the wife cannot reasonably expect the husband to keep his promises. [21 Cyc. 1602; Spengler v. Spengler, 38 Mo. App. 266; Lindenschmidt v. Lindenschmidt, 29 Mo. App. 295; Elliott v. Elliott, 48 N. J. Eq. 231; Briggs v. Briggs, 24 S. C. 377; Wilson v. Wilson, 67 Ill. App. 522.] In the last case cited the court held that an offer by a husband to live with his wife and support her does not bar a suit for separate maintenance as the court is not required to believe that such offer is sincere.

From the evidence in this case, under the authorities cited, we think the court had jurisdiction to allow temporary alimony, and as there was no objection that the amount allowed was excessive, the judgment of the circuit court is affirmed.

All concur.