CORDELIA ARSTE, Respondent, v. WILLIAM ARSTE, Appellant.

St. Louis Court of Appeals, March 1, 1913.

1. **APPELLATE PRACTICE: Maintenance: Review.** In a suit by a wife for maintenance, the evidence will be reviewed, on appeal, according to the rule obtaining in equitable actions, and the judgment will be affirmed or reversed as the exigencies of the case may require; but where the evidence is highly conflicting, the appellate court will usually defer to the finding of the trial judge.

2. **MAINTENANCE: Sufficiency of Evidence Appellate Practice.** In a suit by a wife for maintenance, defended on the theory that plaintiff had been guilty of conduct justifying defendant in abandoning her, *held*, under conflicting evidence, that a judgment for plaintiff would not be disturbed on appeal.

Appeal f·rom St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Zachritz & Zachritz* for appellant.

*Schnurmacher & Rassieur* for respondent.

NORTONI, J.—This is a suit on the part of plaintiff wife against her husband for maintenance. The court found the issue for plaintiff and gave judgment awarding her thirty-five dollars a month for maintenance and one hundred dollars suit money. From this judgment defendant prosecutes the appeal.

The parties were married in 1893 and continued to live together until February, 1909, when defendant husband abandoned plaintiff. It appears that defendant owns some ten or twelve thousand dollars worth of property and follows the calling of a publisher in St. Louis. For a period of several years before defendant abandoned his wife, she and he together maintained a rooming house in the city of St. Louis and kept some six or eight roomers all the time. One Hawkins, a police officer, roomed at their place for several years, and it seems defendant became obsessed of the idea that his wife and Hawkins were unduly friendly. The case concedes that defendant abandoned his wife, but he seeks to justify the act by showing that he had good cause to do so, and introduced considerable testimony tending to prove unseemly conduct between her and Hawkins. To contradict this, plaintiff introduced several witnesses who had roomed and lived in their house and all of whom gave testimony tending to prove that, while she treated Hawkins nicely, she treated all other roomers and boarders the same. Two of these witnesses were defendant's cousins and another a relative by marriage, and none of them appeared to be unfriendly to him. Plaintiff and Hawkins also pointedly contradict every charge made by defendant against her.

While a suit for maintenance proceeds under the statute, the courts treat with the evidence in such cases in accordance with the rule which obtains in equitable actions—that is to say, the appellate court reads and reviews the evidence, as in suits in equity, and either affirms or reverses the judgment thereon as the exi-

gencies of the case may require. However, where the evidence is highly conflicting, the appellate court usually defers to the finding of the trial judge because of the superior advantage he enjoys in having an opportunity to see the witnesses before him, face to face, and thus more accurately determine the matter of their credibility and the weight of the evidence *pro* and *con* on the issue. [See Wyrick v. Wyrick, 162 Mo. App. 723, 145 S. W. 144.] Though the record contains ample evidence tending to show plaintiff wife was unworthy in the instant case and that the husband abandoned her with good cause, it is replete, too, with evidence given by apparently good people, who were obviously familiar with all of the facts, tending to show she is a good woman and that defendant abandoned her without cause whatever. It is unnecessary, and could serve no good purpose, to set forth this evidence in detail. Suffice to say we have read it all and find many damaging statements therein on either side. But the different stories were detailed in full in the presence and hearing of a most careful, conservative and just judge who presided at the trial, and, according to his view, the attack made upon the plaintiff is an unjust one and the defendant is at fault in abandoning her without good cause. We are not declined to disturb this finding and judgment, in view of the great conflict appearing in the testimony, and especially is this true when we remember that the trial court had the witnesses before it and was thus afforded an opportunity to look them in the eye and to judge by their demeanor and conduct on the stand as to who did and who did not speak the truth. We may add that much of the testimony introduced on the part of defendant is so unreasonable in its character that it is not calculated to inspire confidence in a court of justice.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.