## HANNAH SNUFFER, Respondent, v. GEORGE SNUFFER, Appellant.

### In the Kansas City Court of Appeals, April 2, 1923.

ALIMONY: Separate Maintenance: Where Wife in Good Faith Took an Appeal from Adverse Judgment in Her Suit Against Husband for Separate Maintenance, She Was Entitled to Alimony Pending the Appeal. Where a wife in good faith took an appeal from an adverse judgment in her suit against husband for separate maintenance, she was entitled to alimony pending the appeal.

Appeal from the Circuit Court of DeKalb County.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Hewitt & Hewitt* for plaintiff.

*E. G. Robison* and *Randolph & Randolph* for defendant.

ARNOLD, J.—This is an appeal from an order of the trial court allowing plaintiff $50 per month alimony pending appeal in the case of Snuffer v. Snuffer, No. 14663, a suit for separate maintenance, decided at this term of this court. For a statement of facts herein, reference is hereby made to that case.

The record shows that in case No. 14663, above referred to, the judgment of the court was in favor of de-

fendant and that an affidavit for appeal was filed and a verbal motion made to award alimony to plaintiff pending appeal; that said motion was sustained and an order made granting alimony in the amount above mentioned. From this order defendant appeals.

The evidence shows plaintiff to be possessed of funds partly inherited from her father's estate, to the amount of $2300, out at interest, and that defendant owns, clear of encumbrance, 120 acres of land and has a small amount of cash on hand. The two minor children were living with plaintiff at the time of the trial.

Defendant urges the trial court erred in granting plaintiff alimony pending appeal in the suit for separate maintenance. It is insisted that section 7314, Revised Statutes 1919, has been construed to mean that if the conduct of the husband is such as to entitle the wife to a divorce, she can maintain an action for and is entitled to separate maintenance, and not otherwise. In her suit for maintenance, the court found plaintiff had failed to substantiate her charges and was not entitled to the relief sought. This court has affirmed the judgment. Under the facts of record, as we view them, plaintiff took the initiative and left defendant without cause, and therefore had no right to maintain an action for support and separate maintenance. It was said in Wyrick v. Wyrick, 162 Mo. App. 723, 732, 145 S. W. 144:

"A suit for maintenance by a wife against her husband is in the nature of an equitable action. There is no statute authorizing the allowance of alimony *pendente lite* in such actions; it is only by virtue of the inherent equity powers of the court that such allowance may be made. This being an equity proceeding, the court in appeal will review the testimony, and the findings of the lower court are not binding upon the appellate court. [Behrle v. Behrle, 120 Mo. App. 677, 97 S. W. 1005.]"

In the maintenance case there was no substantial conflict in the evidence offered by the respective parties.

Defendant urges that if a wife without reasonable grounds can sue, as did this plaintiff, get alimony *pendente lite* at the answer term, collect it until the next trial term, go to trial and make complete failure of proof, then appeal and secure an allowance pending the appeal, the husband is compelled to do indirectly what the law does not require of him. It was held in Behrle v. Behrle, 120 Mo. App. 677, 682:

"If the wife should be without means to prosecute her suit, the allowance to her of suit money is not only equitable and just, but necessary, and should not be denied on a proper showing. But where the issues on the trial are found for the husband, the wife should not be allowed to draw upon his means for money to prosecute an appeal, unless the trial courut is satisfied the appeal is taken in entire good faith and possesses some merit."

We have no reason to believe, from the record before us, that the trial court was not satisfied that plaintiff took her appeal in good faith, and that her case possessed some merit. The court had before it all the testimony taken in the maintenance case showing the relative financial strength of both parties and other pertinent facts. It may be proper to state, too, that plaintiff had with her the two minor children. There is nothing in the record to indicate that defendant had been contributing, or would contribute, to the support of these children pending trial and subsequent appeal. In Long v. Long, 78 Mo. App. 32, decided by this court, an action by the wife against her husband for separate maintenance, it was held she is entitled to alimony *pendente lite,* and that the statutory provisions in relation to alimony in suits for divorce do not militate against the rule. While it is true that in equity cases the appellate court has jurisdiction to review the facts as well as the law, the usual practice is to defer largely to the findings of the trial court. [Wyrick v. Wyrick, supra.] Defendant, in his brief, has failed to point to any evi-

dence tending to show that plaintiff's appeal was not taken in good faith, nor do we discover any such evidence. The trial court obviously found that good faith attached, and accordingly awarded the alimony pending the appeal. Under the rule announced, we are unable to say the trial court erred in making the order.

The judgment is affirmed. All concur.