

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Tom L. Hartley
Criminal District Attorney
Edinburg, Texas

Dear Sir:

Opinion No. O-1508
Re: Does the firm engaged in the business of
packing citrus fruit, facts concerning
which are fully set out in the opinion,
come under the definition of "dealer" or
"handler" in Art. 118b, Vernon's Anno-
tated Civil Statutes, i.e., the Texas
Citrus Licensing and Bonding Law?

We are in receipt of your request for an opin-
ion as to whether or not a firm operating under the fol-
lowing conditions is a "dealer" or "handler" within the
purview of the Texas Citrus Licensing and Bonding Law,
Article 118b, Vernon's Annotated Civil Statutes, and
subject as such to the licensing and bonding require-
ments of the law.

"A firm is engaged in the business of pack-
ing citrus fruit for an agreed packing charge.
The business of this firm is had with licensed
and bonded dealers, as the term "dealer" is de-
fined in Art. 118b of the Revised Civil Statutes.
The dealer first buys the fruit from the grower
and then contracts with this firm to pack the
fruit. The contract between the dealer and the
firm may and may not include the hauling of the
fruit from the orchard to the packing shed. The
firm, after packing the fruit, loads the same
into cars under instructions from the dealer.
The duties of the firm then cease. It does not
bill the fruit to its destination, but this part
of the transaction is performed by the dealer.
The firm does not buy or offer to buy, sell or
offer to sell, or ship for the purpose of sell-
ing either as owner, agent or otherwise, any
citrus fruit."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Tom L. Hartley, page 2

It is elementary that "the intention of the Legislature in enacting a law is the law itself", "the essence of the law", and "the spirit which gives life" to the enactment.

39 TEX. JUR. 166;
POPHAM v. PATTERSON, 51 S.W. (2d) 680;
HESS v. SKINNER ENGINEERING CO. v. TURNEY, 203
  S.W. 593, 207 S.W. 171, 216 S.W. 621;
KOY v. SCHNEIDER, 221 S.W. 880.

Where the language of a statute clearly and distinctly reveals the legislative intent, there is no reason to look elsewhere.

GARRETT v. COMMISSIONERS' COURT (Civ. App.) 230
  S.W. 1010, 236 S.W. 970, 238 S.W. 894;
RAILROAD COMMISSION v. TEXAS & N.O.Railroad CO.,
  (Civ. App.) 42 S.W. (2d) 1091.

When the Legislature defines a word or group of words, which it has the power to do and often does, the definition, if clear and unambiguous, is binding as an expression of the legislative intent, regardless of the meaning of the word in common parlance or in other connections. 39 TEX. JUR. 200.

The question before us involves the analysis of the definitions of the Legislature in Section 1 of Art. 118b, Vernon's Annotated Civil Statutes, and their application to the stated set of facts.

At the outset we advance the opinion that these definitions are clear and inambiguous.

Section 1 (1) defines a "packer" as follows:

"Any person who prepares and/or packs citrus fruit or its products for barter, sale, exchange or shipment."

The firm whose activities are defined, being within the purview of the definition of "persons" given in Section 1 (c) is beyond question or doubt a "packer". It prepares and packs citrus fruit for shipment and sale.

The question resolves itself into whether or not a "packer", as defined in Section 1 (i) is necessarily a statutory "dealer" within the Act's definition of "dealer".

A "dealer", according to Section 1 (e), is:

"Any person who handles fruit, as the word 'handle' is defined in (d) of this section * * * "

We are now thrown back upon the statutory definition of the word "handle". To be a "dealer", a "packer" must "handle" fruit in the sense that the Legislature used the word "handle", regardless of the meaning of the word in common parlance or in other connections.

EPPSTEIN v. STATE, 143 S.W. 144;
BANKS v. STATE, 28 Tex. 644.

The Citrus Licensing and Bonding Law indisputably fixes its own meaning to the words used.

Section 1 (d) defines the word "handle", as follows:

"Means buying or offering to buy, selling or offering to sell, or shipping for the purpose of selling, whether as owner, agent or otherwise, any citrus fruit within the State of Texas, and persons buying and/or shipping citrus fruit for canning and/or processing or handlers, as the term is defined." (Underscoring ours; we think it should be "are").

We now consider the question of whether or not the particular "packer" under consideration "handles" fruit within the statutory meaning of the word "handle". There is necessitated a strict application of the definition to the facts presented and recited at the outset of this opinion. It is expressly stated that the packer does not buy or offer to buy the fruit from his customer; he does not sell or offer to sell the fruit; he does not ship the fruit himself for the purpose of selling "whether as owner, agent or otherwise", although he "loads the same into cars under instructions from

435

Hon. Tom L. Hartley, page 4

the dealer". Such loading is not tantamount to ship-
ping. The packing firm, in the present instance, does
not even bill the fruit to its destination. Finally,
the packer is not within the coverage of the phrase
"persons buying and/or shipping citrus fruit for can-
ning and/or processing".

A careful examination of the entire Citrus Li-
censing and Bonding Act, Article 118b, reveals the use
of the word "packer" in only two other instances, for
example in Section 13, as follows:

"It shall be unlawful for any dealer, packer
processor or warehouseman to purchase or receive
or handle any citrus fruit without requiring the
person from whom such citrus fruit is purchased
or received, to furnish a statement in writing
of (a) the owner of said citrus fruit, (b) the
grower of said citrus fruit, together with the
approximate location of the orchard where said
fruit was grown, (c) the date said fruit was
gathered and by whose authority same was gather-
ed, and such records shall be kept in a permanent
book or folder and shall be available to inspec-
tion by any interested party." (Underscoring
ours).

Here the juxtaposition of the words "dealer" and
"packer" amounts to a legislative acknowledgment that a
"packer" need not in every instance be a "dealer".

The same reasoning would apply to Section 20,
which provides:

"The venue of any and all criminal acts and
civil suits instituted under the provisions of
this act shall be in the county where the viola-
tion occurred or where the citrus fruits were
received by the dealer, packer or warehouseman."
(Underscoring ours).

Under Section 4 dealing with "license fee accom-
panying application", the following fees are prescribed:

"(1) For license as a "dealer' or 'handler'

of citrus fruit, the sum of Twenty-five Dollars ($25).

(2) For license as a 'commission merchant' and/or 'contract dealer', as the term is in this Act defined, Twenty-five Dollars ($25).

(3) For license as a 'minimum cash dealer' the sum of Five Dollars ($5).

(4) For a license as a 'buying agent', the sum of One Dollars ($1).

(5) For a license as a 'transporting agent', the sum of One Dollars ($1)."

It is to be noted that no fee is prescribed for a packer acting in such capacity alone. Only where the "packer", as defined in Section 1 (i) is a statutory "dealer" or "handler", a "commission merchant" and/or "contract dealer", a "minimum cash dealer", a "buying agent", or a "transporting agent", does he have to procure a license and pay a fee therefor under the Texas Licensing and Bonding Act.

Analyzing the Act as a whole, it is apparent that the intention of the Legislature in its enactment was to exercise control over "persons" engaged in the buying, selling, shipping for selling, and buying and/or shipping for canning and/or processing of citrus fruit.

It is our opinion that a "packer" as defined in Section 1 (i) of Article 118b, Vernon's Annotated Civil Statutes, i.e., the Texas Citrus Licensing and Bonding Act, is not automatically a "dealer" as defined in Section 1 (e) and (b) of the Act and subject to the requirement of a dealer's license as set out in Sections 2 and 4, or a "commission merchant" and/or "dealer" or a "contract dealer" as defined in Section 1 (j) of the Act and subject to the requirements of license and bond under Sections 2 and Section 4 (b).

It is our further opinion that a firm engaged solely in the business of packing citrus fruit for an agreed packing charge, whether it hauls the fruit from the orchard to the packing shed or not, and also loading the

Hon. Tom L. Hartley, page 6

fruit, after proking it, into railroad box-cars or trucks under instructions from the person or persons for whom the packing was done, is neither a "dealer" or a "commission merchant" and/or "dealer" or a "contract dealer" within the statutory definitions of the terms as used in the Texas Citrus Licensing and Bonding Act, i.e., Article 118b, Vernon's Annotated Civil Statutes, and is not subject to the requirements of license and surety bond imposed by Section 2 and Section 4 (b).

It is our opinion that such a packer as we have under consideration may lawfully be required to obtain a "transporting agent" license under Section 4 (a) of the Act where the packer either hauls the fruit from the orchard to the shed or loads the same into cars under instructions from the person or persons for whom the packing is being done.

We have considered the Act and its provisions and definitions thoroughly because the conclusions we have reached are in conflict with portions of an opinion rendered to the Hon. J.E. McDonald, Commissioner of Agriculture, on September 10, 1937, by Hon. H.L. Williford, Assistant Attorney General, the pertinent provisions which are as follows:

"Question No. 2 reads as follows:

"'Referring you to subsection (1) under Section 1 of said Act and that portion of Section 13 referring to citrus fruit packer, is the packer, whether a Cooperative Marketing Association, Corporation, or Custom packer, required to make application, pay license fee, and make bond, and come under the general provisions of the law?'

"To this question I answer 'yes', for the reason that the term 'Packer' means and includes any person who prepares and/or packs citrus fruit for barter, sale, exchange, or shipment. Clearly, the law contemplates that the packer is a dealer, within the purview and intendment of said Act."

Insofar as the above referred to opinion holds

that a "Custom Packer" is automatically a "dealer" under the Act regardless of the nature of his work and is required to make application, pay license fee, and make bond, under the provisions of the Texas Citrus Licensing and Bonding Law, it is overruled by this opinion which shall control as to the relationship of "packer" and "dealer" under the Act.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Dick Stout
            Dick Stout
            Assistant

DS:ob

APPROVED OCT 25, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN