## William W. Foss
v
## Mabel C. Foss.

1. Separate maintenance—Alimony pendente lite.—In proceedings under the statute, by a married woman for a separate maintenance, alimony *pendente lite* should not be allowed. The sole object of the suit being for alimony or the obtaining of a sum of money for separate maintenance, such relief should be granted only upon a full hearing of the cause. It was not the intention of the legislature that the relief provided by this statute should be obtained on a preliminary motion made in the progress of the case, and which has the effect of shifting the burden of proof.

2. Attorneys' fees—Presumptions.—The allowance of fees to complainant's solicitor, was a preliminary finding by the court which it had a right to make, and in the absence of any showing that such allowance was excessive, this court will indulge the presumption that the court below had before it such facts and circumstances as warranted the order in that respect.

Appeal from the Circuit Court of Cook county; the Hon. E. S. Williams, Judge, presiding.

Messrs. Grant & Swift, for appellant; that this was purely a statutory proceeding, and the law should be strictly construed, cited Rev. Stat. 1877, Chap. 68, § 22; Rev. Stat. 1877, Chap. 40, § 15; Trotter v. Trotter, 77 Ill. 510.

The statute gives the court no right to decree a separation on final hearing. The most that it can do is to decree a separate support to the wife so long as she continues to live separate from her husband: 2 Bishop on Marriage and Divorce, § 361.

Mr. S. K. Dow, for appellee, cited Petrie v. The People, 40 Ill. 334.

Murphy, P. J. The appellee filed her bill in the Circuit Court of Cook county, on the chancery side thereof, against her husband, the appellant, setting up, among other things, that she was living separate and apart from her said husband, but without fault on her part. That such separation of herself from him was made necessary by the cruelty and ill treatment

of her husband, and prays for a decree against him for her separate maintenance. This bill was filed pursuant to the provisions of "Section 1 of an act in relation to Married Women, approved May 17th, 1877," Bradwell's Session Laws of 1877, 115, which reads as follows, to wit:

"Be it enacted, etc.,　*　*　that married women, who, without their fault, now live or hereafter may live separate and apart from their husbands, may have their remedy in equity in their own names respectively, against their husbands, for a reasonable support and maintenance while they so live or have so lived separate and apart; and in determining the amount to be allowed, the court shall have reference to the condition of the parties in life, and the circumstances of the respective cases; and the court may grant allowance to enable the wife to prosecute her suit, as in cases of divorce." It will be seen that the sole object of the bill is alimony, and not the same as in bills for divorce, where the prime object of the proceeding is a decree of divorce between the parties, in respect to which alimony *pendente lite* is an incident—an unavoidable incident—to enable the wife to litigate with her husband the prime and grave question of divorce. Whilst the case was pending in the court below, and on the 12th day of July, 1878, on motion of counsel for the appellee, the court ordered the appellant to pay to appellee $100 for her solicitor's fee, and the further sum of $50 per month as alimony, *pendente lite*, and awarded execution for the collection of the same, if not paid within the time fixed by the order for its payment. To the order, as made, the appellant excepted and prayed an appeal to this court, and brings the record here, and assigns, among other errors, that the court erred in granting appellee temporary alimony. 3d. That the amount of solicitor's fees is excessive.

It will not be necessary for us to consider any other alleged errors. It is urged by the appellee that the statute above quoted properly construed, authorizes the court to grant appellee alimony *pendente lite* in this proceeding, the same as it could do in proceedings for divorce, and that the concluding sentence of said section, that "the court may grant allowance to enable the wife to prosecute her suit as in cases of divorce,"

means to adopt in cases of this character the same practice in all respects provided for by statute in applications for divorce. If this construction of the statute be correct, then it follows that the order made in this case is correct. It is section 15, chapter 40 of the Revised Statutes of 1874, which provides for the practice in divorce cases, which so far as material to this question, reads as follows, to-wit:

Section 15. " In all cases of divorce the court may require the husband to pay to the wife, or pay into court for her during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit; and in every suit for divorce, the wife when it is just and equitable, shall be entitled to alimony during the pendency of the suit."   *   *   *
Under the provisions of the last mentioned statute, the practice in all the courts of chancery in the State, approved by the Supreme Court, has been uniform. In applications for divorce orders of the character of the order in this case have been made in proper cases almost as matter of course. The question of law then raised for our determination, is whether the practice and power of the court is the same in the proceeding provided for by each of these statutes. We think obviously not.

The first sentence of said last mentioned act makes it the duty of the court in application for divorce, in a proper case, to provide the wife with two distinct funds, by order on the husband, for two separate and distinct purposes: one, to enable her to maintain or defend the suit, and one for her support and maintenance during the pendency of such suit. Keeping clearly in view the distinct character of the two funds thus provided for by section 15, and recurring to the concluding paragraph of the act first above mentioned, that " the court may grant allowance to enable the wife to prosecute her suit as in cases of divorce," and it is manifest that such provision has respect—and only has respect—to the provision in said section 15, which provides for a fund to enable the wife to maintain or defend the suit, and that by no legal interpretation will it bear a construction which will give it a wider scope. We think it unambiguous and plain, when the two statutes are considered together, that in a proceeding such as this was—for a separate

maintenance and not divorce—that it was error in the court below to award alimony *pendente lite*. The legislative intent in passing the act of May 17, 1877, is plainly manifest that the only question to be litigated in the case should not be decided on a preliminary motion and without evidence. The effect of such a law would be practically to grant the prayer of the bill, on a preliminary motion, and so long as such a state of case can be maintained of course the complainant could ask nothing better; and as a consequence the burden of proof shifts, and the defendant is compelled to take the laboring oar and endeavor to relieve himself from a decree, which if granted at all, should only be granted upon a full hearing of all the evidence, and final disposition of the case.

We think this construction of the Statute conducive to good morals, domestic peace, and in conformity to an enlightened and elevated public policy. We are unable to say from this record that the fee allowed to the appellee's solicitor is excessive. It was a preliminary finding, by the court which it has the legal right to make, and in the absence of a showing to the contrary, we will indulge the presumption that it had before it such facts and circumstances as warranted the order in that respect. For the above mentioned error the decree of the court below is reversed, and the cause remanded for further proceeding not inconsistent with the opinion.

Decree reversed.