LOUEY LONG, Respondent, v. HENRY LONG, Appellant.

Kansas City Court of Appeals, January 2, 1899.

1. **Husband and Wife**: SEPARATE MAINTENANCE: AMERICAN AND ENGLISH DOCTRINE. While the English decisions are not uniform in regard to the wife's right to separate maintenance the better and greater weight of American authority sustains such jurisdiction and equity even in the absence of a statute.

2. ———: ———: ALIMONY PENDENTE LITE: DIVORCE STATUTE. A wife bringing an action for separate maintenance is entitled to alimony *pendente lite* and the provision for such alimony in the divorce statute does not militate against such allowance.

3. ———: SEPARATE ALLOWANCE: MARRIAGE. Though the defendant's answer in such action denies the validity of the marriage yet if a *de facto* marriage relation exists the wife is entitled to temporary alimony and suit money.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

HAMNER, HARDIN & HAMNER for appellant.

(1)   This was a suit for separate maintenance only, and a statutory proceeding, and the court had no right to give, on a motion only, the very thing for which the suit was brought.   In a suit for divorce, the court has a right to give the wife alimony, pending the suit, by virtue of the last clause of section 4505, Revised Statutes 1889, only. But, in the separate maintenance act, no provision is made for allowance *pendente lite.*    Morton v. Morton, 33 Mo. 617; Doyle v. Doyle, 26 Mo. 549; Mahn v. Mahn, 63 Mo. App.

377; 2 Bishop on Marriage and Divorce [4 Ed.], secs. 351, 549; Schouler on Husband and Wife [Ed. 1882], sec. 485, p. 512. "Alimony *pendente lite* is not properly allowed the wife who applies for separate maintenance." Foss v. Foss, 2 Ill. App. 411; Angelo v. Angelo, 81 Ill. 251. (2) A continuance of cohabitation, begun under an illegal marriage will not be sufficient to constitute a legal marriage where there was an obstacle to the validity of the marriage in the first place. 47 N. J. Eq., 555; Pain v. Pain, 37 Mo. App. 110. (3) We have searched every Missouri Report and Appeal Report, and the question in this case has never been squarely decided, in a parallel case, but the following cases decide as much. DeGraw v. DeGraw, 7 Mo. App. 122; Doyle v. Doyle, 26 Mo. 545; Isbell v. Weiss, 60 Mo. App. 54; McIntire v. McIntire, 80 Mo. 470. (4) The verdict is outrageously excessive, and the attention of the court was called thereto in the fourth paragraph of the motion for a new trial.

WALLACE & WALLACE for respondent.

(1) It is proper to allow alimony, or support money, *pendente lite,* in a suit for separate support and maintenance. This is clear from the evident spirit and intent of our statute and from the following authorities. R. S. 1889, sec. 6856; Newton v. Newton, 32 Mo. App. 162; Doyle v. Doyle, 26 Mo. 549; Brinkley v. Brinkley, 22 So. Rep. (Ala.) 448; Milliron v. Milliron, 68 N. W. Rep. (S. D.) 286; Miller v. Miller, 15 So. Rep. 222; 33 Fla. 453; Simpson v. Simpson, 59 N. W. Rep. (Iowa) 22; also Hanscom v. Hanscom, 39 Colo. App. 885; Storke v. Storke, 34 Pac. Rep. 339; 99 Cal. 621; Harding v. Harding, 32 N. E. Rep. (Ill. Sup.) 206; Bueter v. Bueter, 45 N. W. Rep. (S. D.) 208; Murray v. Murray, 84 Ala. 363; Glover v. Glover, 16 Ala. 440; Galland v. Galland, 38 Cal. 265. (2) If upon application

for temporary support money in a suit for separate main-
tenance the court is satisfied that plaintiff's suit is brought
in good faith, then this is sufficient and no matter of defense
or question as to the jurisdiction even will be gone into.
Miller v. Miller, 33 Fla. 453.    Defendant claiming he and
plaintiff were non-residents.    Milliron v. Milliron, 68 N.
W. Rep. (S. D.) 286; Storke v. Storke, 34 Pac. Rep. 39; 99
Cal. 621; Harding v. Harding, 32 N. E. Rep. 206.    (3)    It
is a rule of law rarely departed from by any court that
wherever the wife may legally sue the husband in such case
the husband may be ordered to support the wife during the
pendency of the suit.    2 Bishop, sec. 387, citing Wilson v.
Wilson, 1 Des. 219; Shepherd v. Mackoul, 3 Camp. 326.
(4)    On a motion for temporary alimony in either a divorce
or maintentance suit the validity of the marriage is not
material.    2 Bish., sec. 402; Portsmouth v. Portsmouth,
3 Add. Ec. 63; 2 Eng. Ec. 428; Frith v. Frith, 18 Ga. 273;
2 Bish. [6 Ed.], sec. 404.    (5)    The amount allowed as tem-
porary alimony in the case at bar is by no means excessive.
Harding v. Harding, 32 N. E. Rep. (Ill. Sup. Court, Oct. 31,
1892), 206.

GILL, J.—This is an appeal from an order granting
temporary support to the wife during the pendency of a suit
she brought against her husband for separate maintenance.
In her petition in the main case plaintiff alleges marriage
with the defendant some fourteen years ago, and cohabita-
tion; that during this time a large amount of property had
been accumulated by their joint efforts; but that in April,
1898, defendant drove plaintiff away from the home and has
since refused to contribute anything towards her support.
Plaintiff prayed the court to allow her suitable maintenance
out of said property.    In his answer defendant practically
confessed the abandonment, but denied there was a legal
marriage—alleging that at the time the marriage ceremony

was performed the plaintiff had a living husband by a former marriage, and besides alleged misconduct on the part of the plaintiff involving a violation of her marriage vows. The reply put in issue these allegations of new matter.

Thereupon plaintiff filed a motion asking the court to require defendant at once to pay her a reasonable sum to employ counsel and for her support during the pendency of the litigation. Within a reasonable time the court heard the parties on this motion, the plaintiff alone testifying, and decreed that defendant forthwith pay plaintiff for temporary maintenance the sum of $400 and on the first of each month thereafter, until the further order of the court, a further sum of $50. From this order defendant has appealed.

Defendant's first contention is that the circuit court had no power or authority to grant the plaintiff wife temporary support during the continuance of the litigation between her and the husband, that such alimony can only be allowed during the pendency of a suit for *divorce* and as an incident thereto. It is argued that separate maintenance for an abandoned wife could not be had at common law except as incident to divorce or the like; that no such jurisdiction vested in common law courts where separate maintenance was the only relief sought. It is claimed then, that, as such separate maintenance for the wife was unknown to the common law (except in divorce proceedings) the only right thereto must be based on our statute relating to separate maintenance; and since in that no provision is made then no such right exists. More than this, it is further argued, that, since in our divorce statute temporary alimony for the wife is definitely provided for, it must be intended as denied in suit for separate maintenance.

As to whether or not a suit at common law could have been maintained by the wife for separate support, when that was the sole relief sought, is a matter of no conse-

quence here. But it may be said in passing that the decisions of English judges were not uniform on this question, as will be seen by referring to the adjudicated cases. See opinion in Glover v. Glover, 16 Ala. 440, where such conflicts are pointed out. The better and greater weight of authority in this country sustains such jurisdiction in equity, even in the absence of a statute. See cases cited in plaintiff's brief.

*HUSBAND and wife: separate maintenance: American and English doctrine.*

We have, however, in this state a statute specifically providing that when the husband, without good cause, shall abandon his wife and refuse to support her, she may by application to the circuit court force the husband to provide separate maintenance. Chapter 109, Revised Statutes 1889, relating to married women. It is true that this statute does not, as in the divorce statute, specifically authorize the court to award temporary support and suit money.

*——: ——: alimony pendente lite: divorce statute.*

But as in the matter of divorce, so in this proceeding for separate maintenance, the court had the inherent power, even without a statute, to force the husband to provide the wife with temporary support and means to prosecute her suit. "The right of the wife to alimony *pendente lite,* whether she stood in the position of plaintiff or defendant, was an acknowledged common law right." Morton v. Morton, 33 Mo. 614. In that case the wife was denied temporary alimony because of the language of the statute which was construed as giving such temporary support when the wife was *plaintiff* only; the statute was held to have modified the common law to that extent. Since that decision was rendered, however, the statute has been amended so as to give the wife temporary alimony whether she be plaintiff or defendant. R. S. 1889, sec. 4505. The statute as it now exists is only a declaration of a right already existing at common law.

The same reasons, in the light of humanity and justice, that require the husband to pay for the support and maintenance of the wife during the pendency of a suit for divorce, as well as to provide her the means to conduct her suit, require like support when an abandoned wife sues for separate maintenance. As said in Harding v. Harding, 144 Ill. 588: "To refuse to allow her a reasonable support *pendente lite* would, in many cases, be to deny her the right to prosecute her suit altogether." The wife will be presumed as entitled to support until it is shown by the result of the trial that her claim is forfeited. Newman v. Newman, 69 Ill. 167. We have carefully examined all the authorities referred to by industrious counsel, and find only one adjudicated case supporting the contention that alimony *pendente lite* can not be allowed in a suit for separate maintenance, and that is a case decided by the Illinois appellate court. Foss v. Foss, 2 Ill. App. 411. This, however, has been repeatedly overruled in the same state as will be seen by reference to the Illinois supreme court decisions cited *supra* and in plaintiff's brief. The cases uniformly hold that temporary support will be provided whether the action be for separate maintenance or for absolute divorce. The cases will be found collated under the first point in plaintiff's brief.

Neither can it be presumed—because the legislature saw proper, while treating of the subject of divorce, to provide temporary alimony and while providing in another chapter for the abandoned wife's separate maintenance no such provision was made—that it was intended to deny such temporary support in the latter. The maxim *expressio unius,* etc., has no application. Galland v. Galland, 38 Cal. 265; Milliron v. Milliron, 68 N. W. Rep. (S. D.) 286. In the first cited cases it is said: "The main subject-matter of the statute was the regulation of divorce; and only as incidental to the subject the statute prescribes the power of the

court in respect to alimony in that class of cases. The legislature was not dealing with the general subject of alimony, as an independent subject-matter of legislation, but only as one of the incidents of an application for divorce. It saw fit to define the power of the court over the allowance of alimony on an application for divorce; but was not considering the subject of alimony in any other class of cases." It may be added that the lawmakers saw proper to leave the matter of temporary alimony in cases of separate maintenance just as the common law fixed it. ·

II.    Other objections in defendant's brief relate to the validity of the marriage between these parties. This is not the proper occasion to try that question; that more properly comes up at the final hearing of the main case. As to this interlocutory matter it is sufficient that a *de facto* marriage relation exists; and whether or not it was likewise *de jure* should more properly be left for determination later on.    2 Bishop Mar. & Div. [6 Ed.], sec. 402 et seq.; also new edition same work, sec. 924; Storke v. Storke, 99 Cal. 621; Harding v. Harding, 144 Ill. loc. cit. 595; Simpson v. Simpson, 91 Iowa, loc. cit. 239; McFarland v. McFarland, 64 Miss. 449.    In his new work on Marriage, Divorce and Separation (Vol. 2, sec. 923, etc.) Mr. Bishop thus expresses the rule: "To justify an order for temporary alimony, there must have been a marriage either valid in fact or by the parties supposed to be valid, by reason whereof they have entered upon those mutual property relations which govern matrimonial cohabitation.    Further than this it need not be good in law.    *  *  *  As the legal validity of the mariage is not essential to this preliminary order for the woman's support, so neither are the proofs of it required to be so conclusive as on a final decree for a permanent alimony.    If parties enter upon a cohabitation under a marriage which in fact is void, this reasoning shows that upon

a suit between them to set it aside and declare it void there may be temporary alimony."

In this case the undisputed facts show that Mr. and Mrs. Long were married in due form by an officer authorized to perform the ceremony; that they continued to live and cohabit together as husband and wife for nearly fourteen years; that during that time large real estate interests were acquired by their joint earnings, and that the title thereto was taken to husband and wife as tenants by the entirety. This was sufficient proof of marriage to justify the order for temporary support. The wife made a satisfactory showing of a meritorious cause and that she was proceeding in good faith. Under all the authorities this seems to be sufficient. See authorities cited in Harding v. Harding, *supra,* pages 595, 596.

In relation to the amount allowed the plaintiff wife, we discover no ground whatever for defendant's complaint. This is a matter properly left to the sound judicial discretion of the trial judge; and as we discover no abuse of such discretion, the order will not be disturbed on that account.

Judgment affirmed. All concur.