## CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed December 22, 1899.

MARGARET HANRAHAN
VS.
EDWARD HANRAHAN.

*William Colton* for plaintiff.
*Lemmon & Clotworthy* for defendant.

STOCKBRIDGE, J.—

The bill in this case sets forth the marriage of the parties in 1883, that

they lived together for ten years, and that the plaintiff then was compelled to leave her husband, and that for the last six years they have lived separate and apart. The bill does not ask for a divorce, but the first prayer is for the award of permanent alimony, and the second for the allowance of alimony pendente lite and counsel fee.

The defendant being summoned, has filed a demurrer to so much of the bill as asks an award of alimony pendente lite and counsel fee.

Two questions are thus presented for determination: First, is it a proper exercise of the power of a court of equity upon a bill filed for alimony only, and not for a divorce, to allow to the wife alimony pendente lite and counsel fee? The question has never been passed upon by our Court of Appeals, and the practice in the lower courts does not appear to have been entirely uniform. An examination of the cases shows that such allowance was denied in Foss vs. Foss, 2 Ill. App. 411, but this case seems to stand alone. The contrary doctrine is supported by far the greater weight of authority, having been adopted in the cases of:

Johnson vs. Johnson, 125 Ill., 510.

McFarland vs. McFarland, 64 Miss., 449.

Tolman vs. Tolman, 1 D. C. Appeals, 311.

In the last of these cases, the opinion is by Alvey, C. J., formerly of our Court of Appeals, and in it he says: "If the allegations of the bill be established the plaintiff will be entitled to a decree for permanent alimony, and the bill showing a case for permanent alimony the plaintiff is entitled to an allowance pendente lite for support and counsel fee."

Taking this statement of the law as correct, the second question follows directly from it. Are the allegations of the bill sufficient, if established, to warrant a decree for permanent alimony? The bill charges the husband with cruelty and having been guilty of adultery, and alleges that he is in receipt of a salary of fifteen dollars per week. The causes thus set out would undoubtedly, if proven, entitle the plaintiff to a divorce if she were asking for it, but with regard to the means of the defendant, the allegation is that he is in receipt of a salary of fifteen dollars per week, and the rule laid down

in such cases as Wallingsford vs. Wallingsford, 6 H. & J. 485, and Feighley vs. Feighley, 7 Md. 537, is that where there is no estate there can be no alimony.

What then is the meaning of the word "estate" as used in this connection? Does it refer to visible, tangible property, or are the "faculties" of a man, his earning power, to be likewise included within the phrase? As was said in Prince vs. Prince, 1 Richardson Equity (S. C.) 389, "most of the reported cases show that alimony has been decreed out of visible property, or fixed and permanent income, but the visible property is only evidence of the income, and permanent and fixed income such as annuities and the like is only resorted to because of its greater certainty and as furnishing a surer means of administering redress. But when income is proved to exist although not fixed but dependent upon the daily exertions of the husband, this shall not be exempt, and he in respect to it, will be compelled to do what law and moral duty require of him," and in that case the court awarded alimony, though the only property of the husband consisted of his earnings as a druggist of some $1,800 per annum. In the case of Campbell vs. Campbell, 37 Wis., 217, the court, after an extensive citation from English decisions, declared that "in dealing with alimony the English Ecclesiastical Courts do not look to the husband's estate as such, but to what they denominate his faulties, that is his means of paying alimony, and they hold his income, whether derived from estate or employment, as a proper source and basis of alimony."

But the case of Tolman vs. Tolman, already cited, is of especial value in the determination of this question, from the fact that Judge Alvey, long an able judge in this State, and familiar with the adjudications in Maryland, bases his decision very largely upon the Maryland cases. While he does not specifically refer to this question in his opinion, he must have had it before him, for Mr. Tolman, who was required to pay the alimony pendente lite in that case, was an employee of the Life Saving Service at a salary of $1800 per annum, and does not appear to have possessed any other property.

That case differed from this, therefore, only in the amount of the earnings of the husband, and this goes to

the amount of the allowance merely. By the weight of authority, therefore, for the purpose of an allowance of alimony, the earning capacity or faculty of a man is deemed an estate, and in the present case it follows that the allegations of the bill are sufficient.

The demurrer will, therefore, be overruled, with leave to the defendant to answer within ten days.