JESSIE SAMS, RESPONDENT, v. BRET H. SAMS, APPELLANT.—106 S. W. (2d) 524.

Kansas City Court of Appeals. June 14, 1937.

*Miss Martha McLeandon* for respondent.

*Burns & White* for appellant.

SHAIN, P. J.—In this case the plaintiff, alleging herself to be the lawful wife of defendant, brings suit for separate maintenance.

The defendant, by answer, makes denial and specifically states that the relation of husband and wife does not exist.

Plaintiff, after issue joined, filed motion for temporary alimony and attorney fees.

The trial court made an award of $50 attorney fees in favor of the plaintiff and against defendant. From this judgment of award the defendant has appealed.

We will continue to refer to the parties as plaintiff and defendant. We find no Missouri decision where a question on all fours with the one presented herein has been before our courts.

We conclude that the allowance of temporary maintenance and attorney fees are allowed on the same principle as is alimony and suit money in divorce proceedings.

In 19 Corpus Juris, page 212, paragraph 512 it is said: ''Marriage being the essential foundation of allowances for alimony, the existence of marriage between the parties must be admitted, or shown, before a decree or order properly can be made for an allowance of temporary alimony.'' There is no Missouri case cited under the above text, but all cases cited hold to the above doctrine.

The only Missouri case that we can find that seems to recognize the above doctrine is Wagner v. Wagner, 6 Mo. App. 572, wherein the court says: ''Though it is irregular to make an order for alimony *pendente lite* before the marriage has been admitted or proved, yet after final decree this action of the trial court will not be disturbed.''

There was testimony submitted on the plaintiff's motion herein and it is conclusively shown that at the time of the alleged marriage, common law marriage June 10th, 1910, the plaintiff had a living husband and the defendant a living wife. As to plaintiff's husband, he had been absent from the state for over seven years and the plaintiff urges presumption of death. As to the defendant, it is shown that his wife is still living and he and his wife are living together. Plaintiff admits that she still lived with defendant after she knew he had a wife and family, but that she first learned that her husband was dead some years after her relation with defendant.

Plaintiff's testimony, as to the alleged relations and acts with defendant, which she claims constituted a common law marriage, is very unsatisfactory. Further than the above, under the law of this state no length of separation can dissolve the marriage ties. While the fact testified to by the plaintiff would protect her, if true, from a criminal prosecution, still such fact could give no validity to any marriage to defendant under the facts shown herein. The fact that defendant was, at all times mentioned herein, a married man also renders the alleged marriage null and void and the plaintiff's statement that she lived with defendant as his wife after she learned that he had a legal living wife goes further to refute her claim of common law marriage. There is no room under the facts shown herein for application of the doctrine of condonement. The facts disclosed, we conclude, show that any agreement of marriage, if any, is a nullity. [Pain v. Pain, 37 Mo. App. 110.]

We conclude that an allowance for attorney fees in a maintenance suit is based upon the marital rights and is not for the purpose of litigation expenses wherein is involved the issue as to whether or not marital rights exist.

The expressions by which the trial judge justifies his action in allowing attorney fees herein has laudable excuse in sentiment, but not in law or equity.

To allow attorney fees *pendente lite* to a plaintiff for the purpose of litigating the question as to whether or not a contract of marriage had been made, we conclude, would set a precedent that would result in much injustice.

The judgment allowing attorney fees herein is reversed. All concur.