Josephine Strother McCARTHY (Plaintiff), Respondent,

v.

Roblee McCARTHY (Defendant), Appellant.

No. 30282.

St. Louis Court of Appeals.

Missouri.

Nov. 17, 1959.

Shepley, Kroeger, Fisse & Shepley, Roberts P. Elam, St. Louis, for appellant.

Morris A. Shenker, Bernard J. Mellman, St. Louis, for respondent.

BRADY, Commissioner.

This is an appeal from a judgment for alimony pendente lite in an action for separate maintenance. The trial court awarded the respondent the sum of $550 per month for herself and an allowance for the support and maintenance of the two minor children in the sum of $300 per month each, and further obligated the appellant to pay the educational expenses of the children in the amount of $200 per month for both children. The order also awarded plaintiff-respondent $1,000 for attorney's fees but appellant does not complain of that item, and both in argument and brief stated that he wanted to pay the educational fees of $200 a month. We are left to consideration of the award for respondent's alimony pendente lite plus that for the support and maintenance of the children, totalling $1,150 per month.

The parties married in 1943, and the children were fifteen and eleven years of age at the time of the appeal. Appellant was sales manager of one of the divisions of Brown Shoe Company at the time of

the hearing and order complained of, and his salary was $18,000 per year. His average annual income for the five calendar years previous to 1958, the year of the hearing, was approximately $27,000. In 1957, appellant's income was $28,225.38 and he paid a total of $6,684.83 in State and Federal income taxes. Appellant had 4,300 shares of Brown Shoe Company stock which had a market value of $54 or $54.50 a share for a total value of $232,200 or $234,350 at the time of the hearing. This stock had come to him by gift from his grandfather and grandmother, and paid dividends of $2.20 per share, or $9,460 annually. Previous to the hearing, he had also owned some other stocks and some U. S. Savings Bonds, but he testified that he had disposed of them in order to meet current expenses. Respondent testified that her monthly expenses for her support and for the support of the children were $1,795.10 and she itemized the expenses as follows:

| | |
|---|---:|
| Rent | $ 150.00 |
| Rental of garage | 15.00 |
| Telephone | 15.00 |
| Newspapers, magazines and publications | 17.50 |
| Gas and oil for automobile | 80.00 |
| Electricity | 10.00 |
| Nancy's allowance | 10.00 |
| Chip's allowance | 5.00 |
| Domestic help | 160.00 |
| Laundry | 63.00 |
| Dairy products | 28.00 |
| Groceries | 200.00 |
| Nancy's dancing lessons | 18.00 |
| Chip's shop work | 10.00 |
| Nancy's riding lessons | 24.00 |
| Clothing | 200 00 |
| Christian Science Practitioners | 20.00 |
| Tuition | 200.00 |
| Hair dresser, for plaintiff | 25.00 |
| Nancy's hair cuts | 10.00 |
| Chip's hair cuts | 5.00 |
| Entertainment | 50.00 |
| Junior League dues | 2.00 |
| Charities | 25.00 |
| Church | 15.00 |
| Dry cleaning | 25.00 |
| Storage on furniture | 15.00 |
| Gifts | 40.00 |
| Miscellaneous | 200.00 |
| Monthly payment on automobile | 73.60 |
| Books | 2.00 |
| Country club charges | 15.00 |
| Dressmaker | 10.00 |
| Flowers | 5.00 |
| Car wash | 6.00 |
| Personal property and auto insurance | 15.00 |
| Tax on domestic help | 6.00 |
| Dental expenses | 10.00 |
| Orthodontist | 25.00 |
| Household equipment repairs | 20.00 |
| Chip's music lessons | 20.00 |
| **Total (actual)** | **$1,795.10** |

Appellant testified his monthly expenses were $643.40 and itemized them as follows:

| | |
|---|---:|
| Rent for furnished apartment | $ 175.00 |
| Meals | 150.00 |
| Automobile expense, including monthly payment, insurance, gas and oil | 100.00 |
| Clothing | 40.00 |
| Gifts | 12.00 |
| Storage | 6.40 |
| Telephone | 10.00 |
| Laundry | 16.00 |
| Dry cleaning | 10.00 |
| Barber | 4.00 |
| Entertainment | 15.00 |
| Charities | 50.00 |
| Miscellaneous | 30.00 |
| Insurance | 10.00 |
| Dentist | 15.00 |
| **Total (actual)** | **$ 643.40** |

Respondent further testified that her estimate was that during the previous year of the parties' separation, appellant had paid a total of $7,000 or $8,000 for her support and the support and maintenance of the children. Appellant testified that the figure was $8,151.07 plus schooling costs of $2,131.25, or a total of $10,282.32. Respondent had, by her testimony, sold stocks of her own during that year from which she realized $6,000, and had spent that money for living expenses. At the time of hearing, she had accumulated unpaid bills in the amount of $688.78, borrowed $500 from her attorney, and purchased a new automobile upon which she owed $2,645 or $2,595, being delinquent in one payment thereon.

The testimony shows a very high standard of living throughout the marriage. In 1947, the parties moved from St. Louis to Greenwich, Connecticut, where they lived for about six years, renting houses at from $250 to $450 a month rental. Upon their return to St. Louis, they lived at the Congress Hotel for six to eight months, where their monthly bills ran as high as $1,000 by respondent's testimony, to $500 according to appellant. When the children were babies, the family employed a nurse to

care for them, and later, they employed both a cook and a nurse, and then later, only one or the other. They are members of Old Warson Country Club. In 1951 respondent and the children went to Europe for six weeks, and in 1954 respondent went to Europe alone for two months, appellant joining her there for three weeks of that time.

Appellant testified that he had yearly expenses of $2,113.96 in addition to his personal expenses which he claimed were for the family as a group, and itemized them as follows:

| | | |
|---|---:|---:|
| Accounting fees for income tax returns | $ | 75.00 |
| Safety deposit box rental | | 5.50 |
| Deduction from salary for retirement income trust | | 208.00 |
| Deduction from salary for group life insurance | | 259.20 |
| Deduction from salary for hospitalization insurance | | 111.96 |
| Contributions to charities | | 657.50 |
| Storage charges on furniture | | 76.80 |
| Country club dues | | 720.00 |
| Total | | $2,113.96 |

It is appellant's contention that the awards of $550 to the respondent and $300 to each child are excessive and constitute an abuse of discretion by the trial judge because it forces the appellant to either submit to financial harassment and inability to live up to the standards of his employment, or to encroach upon his capital. He urges that the fact, amply supported by the evidence, that this family has lived beyond its income in the past does not warrant the trial court's requiring him to continue to maintain such a mode of living for his wife and children in the future. Appellant's position is based upon his contention that his property, in this case his holdings in Brown Shoe Company, should not control the amount of the award for the support and maintenance of his wife and children, and that to allow it to do so would actually result in an injury to their own best interests in the long view. He urges that, while his property holdings should be considered, where the award is to be met by periodic payments, his income

should be given primary consideration in determining the amount of the award for the support of his wife and children, for to do otherwise is to require him to encroach on principal and thus reduce his income and consequently his ability to meet the payments.

It is apparent from the record that there are some duplications in the expenses itemized for respondent, for appellant, and those that appellant characterizes as being for the family. For example, the respondent itemizes the sum of $25 per month as contributions to charities, appellant itemizes the sum of $30 per month for contributions to charities, and also lists a yearly expenditure of $657.50 as the family's contributions to charities. There are other duplications and, as usual in cases of this nature, the testimony as to expenses and income varies somewhat throughout the record.

It is obvious that neither of the parties realizes that they cannot live apart for the same amount as when they maintained one establishment, if each is to continue to expend the amount of money each testified was necessary in view of their past standard of living. Respondent testified she needs $1,795.10 per month. Appellant testified he needs $643.40 per month and in addition pays out $176.16 per month for family expenses not enumerated by either. That is a total monthly expenditure of $2,614.66, or $31,375.92 a year, and yet the evidence shows the highest yearly income to have been in 1957 when it reached the amount of $28,225.38, the average over the previous five years approximately $27,000. Appellant testified he anticipates a total income of $27,300 this year. These yearly figures are before taxes are deducted. When taxes are deducted, it is obvious that even with the parties continuing to expend capital in the amounts they have in the past, they will not be able to attain the amount testified to as necessary. It is equally obvious that each is determined to have his cake, a separation, and eat it too, the continuation of the present mode of

living, with obliviousness to the economic fact that two living establishments cannot be maintained for the price of one unless each reduces expenditures.

Under our practice an action for separate maintenance is said to be a legislative recognition of the power of the equity court which descended from the chancery courts. The action is sui generis and is governed by equitable principles. LaPresto v. LaPresto, Mo., 285 S.W.2d 568; Stauffer v. Stauffer, Mo.App., 313 S.W.2d 597; Behrle v. Behrle, 120 Mo.App. 677, 97 S.W. 1005; Long v. Long, 78 Mo. App. 32, 12 Missouri Law Review 138. The motion for alimony pendente lite is not only an adjunct to the main action but is also a basis for an independent proceeding before the trial court to be separately disposed of on its own merits, and the order disposing of the motion is a "final judgment" for purposes of appeal. Meredith v. Meredith, Mo.App., 151 S.W.2d 536; State ex rel. Nelson v. Williams, Mo.App., 249 S.W.2d 506; Glaze v. Glaze, Mo.App., 311 S.W.2d 575. Our statute, Section 452.130 RSMo 1949, V.A.M.S., does not give statutory authority for the award of such allowances but the trial court has inherent authority to make such an award and it is only necessary that a prima facie case be made that the wife has good cause of action. Silverman v. Silverman, Mo.App., 95 S.W.2d 1237; Dietrich v. Dietrich, Mo. App., 209 S.W.2d 540; Long v. Long, supra; Meredith v. Meredith, supra. In the case at bar, there is no evidence on that question but her good faith can be presumed in the absence of evidence to the contrary, Nolker v. Nolker, Mo.App., 226 S.W. 304; Farley v. Farley, Mo.App., 181 S.W.2d 675. In any event, the point was not preserved for our consideration. The authority to grant or refuse such awards rests within the trial court's sound discretion, Rush v. Rush, Mo.App., 284 S.W.2d 53; Farley v. Farley, supra; Kendrick v. Kendrick, Mo.App., 251 S.W.2d 329; Nolker v. Nolker, supra. The controlling considerations are the needs of the wife as shown by the circumstances, and the financial ability of the husband to pay, Farley v. Farley, supra; Woodman v. Woodman, Mo.App., 281 S.W.2d 555; Dietrich v. Dietrich, supra. In the Stauffer case, supra, the learned judge pointed out that the maintenance statute is very broad and fixes no standard except that required by the nature of the case and the circumstances of the parties, and in Herbig v. Herbig, Mo.App., 245 S.W.2d 455, we held that the court must weigh the equities between the parties. Forbis v. Forbis, Mo. App., 274 S.W.2d 800. A motion for alimony pendente lite was not before the court in those cases but these considerations apply equally well to such a motion. Temporary allowances for the support of the wife pending a hearing on the merits are allowable in such cases and on the same principle as is alimony and suit money in divorce proceedings. Sams v. Sams, 232 Mo.App. 376, 106 S.W.2d 524; Rush v. Rush, supra. In cases of this nature there are no controlling precedents, only guides. Each case must rest on its own facts, Woodman v. Woodman, supra; Brooks v. Brooks, Mo.App., 211 S.W.2d 65; Stauffer v. Stauffer, supra. We are not to disturb the award of the trial court unless that award clearly constitutes an abuse of discretion, Rush v. Rush, supra; Farley v. Farley, supra; Dietrich v. Dietrich, supra; Forbis v. Forbis, supra, but since the appellant challenges the propriety of the trial court's award, we are authorized to make our own findings and enter an award which we feel the evidence justifies. Kendrick v. Kendrick, supra.

There is no evidence upon which we would be entitled to find that the amount awarded respondent is so excessive that it constitutes an abuse of discretion by the trial court. On the contrary, appellant's own failure to suggest, when requested to do so, economies which respondent could effect in her itemized list of monthly expenses was at least a tacit

admission that the standard of living of his wife and his children required the monthly expenditure of some $445 more per month than was allowed by the trial court. His claim that this allowance constitutes an abuse of discretion is disputed by the very standard of living to which he has allowed his family to become accustomed. It is clear from the record of his own testimony that this standard of living was established with his active participation, or at the very least, with his acquiescence. It has long been the rule in this State that the total financial position of the husband is properly before the trial court and should be considered in determining his ability to pay such awards. Stauffer v. Stauffer, supra; Rush v. Rush, supra. The separate maintenance statute, 452.130 RSMo 1949, V.A.M.S., supra, it is a legislative recognition of equity's jurisdiction to award separate maintenance. Historically, that award was made out of the husband's estate, Meredith v. Meredith, supra, and that section of our statutes uses the words "out of his property". See State ex rel. Nelson v. Williams, supra. In Shapiro v. Shapiro, Mo.App., 238 S.W.2d 886, relied upon by appellant, the court at page 892 recognized that the individual estates of the parties were to be considered. It is from the recognition of the rule requiring consideration of the estate as well as the income comes the corollary that if the wife has an estate of her own, it should be considered in determining whether any award is to be made and the amount of the award, if made, Penningroth v. Penningroth, 71 Mo.App. 438, for the purpose of the award is to provide her support and maintenance.

■ We cannot agree with appellant that his income should be given primary consideration by the trial court when making an award for alimony pendente lite. We believe that the correct rule is that the husband's financial position, income and property should be considered as a whole when determining his ability to pay such award. In no event should the consideration given to the husband's income be al-lowed to outweigh the needs of his wife and family, but each should be equally weighed in arriving at the proper award.

■ Neither do we believe the equities in this case require us to disturb the trial court's award, especially in view of the fact that the appellant, who now complains that he should not be required to dip into his principal, shows by his own testimony that he has been doing that very thing of his own volition for some years past. To allow him to compel his wife to now effect economies to which he could not direct the court's attention, and which he never effected while the family was living together, would be to allow him to benefit from the maintenance of separate living establishments pending adjudication on the merits of the separate maintenance actions. Since appellant's main emphasis in defense of his wife's action is her unwarranted spending, the adoption of his position on this appeal could well be interpreted as a ruling on the merits of the separate maintenance action. This we are not authorized to do in this proceeding. Penningroth v. Penningroth, supra at page 440; Meredith v. Meredith, supra.

■ We believe the temporary nature of the award of such allowances, the fact that it does not extend past the hearing on the merits, Smith v. Smith, Mo.App., 176 S.W.2d 647, Schenberg v. Schenberg, Mo. App., 307 S.W.2d 697; Farley v. Farley, supra, and can be modified by showing a change of condition at any time before the hearing on the merits, Brown v. Brown, Mo.App., 176 S.W.2d 296, calls upon us to exercise an even greater caution in disturbing the trial court's award than in cases where there has already been a hearing on the merits.

The Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court.

The judgment of the circuit court is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.