Michael BERBIGLIA, Appellant,

v.

Donley Overfelt BERBIGLIA, Respondent.

No. 25138.

Kansas City Court of Appeals.

Missouri.

June 2, 1969.

Daniel S. Millman, Kansas City, for appellant.

Noel L. Robyn, Clayton, for respondent.

MAUGHMER, Commissioner.

The husband-plaintiff appeals from a judgment against him for temporary al-

lowances in a divorce suit. He claims the Court excluded relevant testimony, that the allowances are excessive and amount to an abuse of judicial discretion.

The plaintiff Michael Berbiglia, then 63 years of age, and the defendant Donley Overfelt (Berbiglia), then 39 years of age, were married on March 30, 1968. Each had been married before and divorced. They had "gone together" for at least one year before the marriage and had taken a trip to Europe. On the honeymoon the parties again went to Europe. However, Mrs. Berbiglia returned to America by herself on June 3, 1968, and they have not lived together since that date. On June 27, 1968, Mr. Berbiglia filed suit for divorce, alleging indignities.

Mrs. Berbiglia answered with a general denial and also a plea for separate maintenance. She later filed a motion for temporary support, suit money and attorney fees. This motion was heard on July 30, 1968. Prior to their marriage the defendant had owned and operated a drive-in restaurant. Her profits from this operation ranged from $600.00 to $1200.00 per month. She testified that Mr. Berbiglia objected to her operating the business after

marriage, and that she (or rather he, for her) sold it three days before their marriage. The selling price was $25,000.00, but $15,000.00 of that sum was used to pay debts of the business. Mrs. Berbiglia testified that prior to the hearing on the motion, $8,100.00 of the balance had been invested in a new ladies' clothing store which was not yet opened for business, and therefore was producing no income. The facts just set forth were not controverted by the plaintiff.

Mrs. Berbiglia stated that she had current bills outstanding and had received no funds from her husband since their separation nearly two months before the hearing. She said she had about $1,200.00 in cash remaining from the proceeds of the sale of her business and cash supplied by her husband during the brief period of their marriage. It was agreed that plaintiff's yearly income before taxes, was approximately $42,000.00 and he said he had a net worth of "close to one million dollars".

The defendant requested a temporary support allowance of $1,000.00 monthly, suit money and a $1,500.00 temporary attorney fee. She listed her monthly needs for living expenses as follows:

| | |
|---|---|
| Rent, apartment near Liberty (close to new business) | $175.00 |
| Telephone, including toll charges (based on preceding monthly bill) | 53.00 |
| Utilities | 40.00 |
| Newspapers, books and magazines | 24.00 |
| Automobile insurance | 12.33 |
| Domestic help | 100.00 |
| Laundry and cleaning | 25.00 |
| Groceries and dairy products | 100.00 |
| Clothing and beauty shop | 175.00 |
| Medical and dental expense (based on previous year) | 36.00 |
| Entertainment and contributions | 125.00 |
| Total | $865.33 |

She also mentioned expenses for Christmas, birthdays and travel, but did not estimate an amount. The necessary cost of the operation of an automobile was not included in her listing. Depositions of both parties had been taken and defendant was

required to make a cash deposit with the court reporter of $175.00 for the reason that her attorney was from "out of town".

■ The plaintiff persistently endeavored to go into the merits of the case at the hearing on the motion for temporary allowances. He offered to prove that defendant was guilty of desertion and gross indignities. The Court rightly refused to hear such evidence and denied the offer. This was the testimony which the plaintiff on appeal claims that the Court erroneously refused to receive. The purpose of these temporary allowances is to afford the defendant wife an opportunity to adequately prepare for a trial on the merits. Such preparation would be denied her if she had no funds for such preparation. Only if she is given a full opportunity to prepare for trial on the merits can a fair conclusion be expected. The allowance of alimony pendente lite, suit money and attorney fees is entirely independent of the merits of the case. Arnold v. Arnold, (Mo. en Banc) 222 S.W. 996, Syl. 11. This Court, long ago in the case of Libbe v. Libbe, 166 Mo.App. 240, 148 S.W. 460, 463, stated the general rule. The Libbe case has been many times through the years referred to with approval by the Courts. We quote from that opinion:

"* * * Plaintiff is a prosperous business man in good circumstances and enjoying a good income from his business. Defendant, his wife, had no means of her own, and unless she procured the money from her husband for her support and to carry on the divorce suit necessarily either would have had to abandon the suit or else resort to her family or friends for means. The law does not contemplate that a wife shall be reduced to a condition so hard. The ecclesiastical courts of England allowed suit money almost as a matter of course, and regulated the allowance to meet exigencies as they arose. Our statutes relating to alimony pendente lite and suit money are but a modern adaptation of the rules and practices of the ecclesiastical law. Whether guilty or innocent, the wife has a right to prosecute or defend an action for divorce, and, since the husband usually holds the purse strings, he must furnish her the means of attack or defense if she is without adequate means of her own. * * *"

Although plaintiff on appeal appears to contend that defendant was not entitled to any allowances since she had sufficient funds of her own, nevertheless plaintiff's counsel actually conceded that the trial court should make temporary allowances. We find the following oral interchange on page 60 of the transcript:

The Court: "You will agree that he filed the suit and that I should make allowances?"

Mr. Millman (attorney for plaintiff): "Yes, sir, but I think it should be more modest than asked for by Mr. Robyn, and I think it should be more modest for several reasons."

■ This being a court-tried equity case, we review de novo upon both the law and the evidence. We shall not set aside the judgment unless it is clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Section 510.-310(4) V.A.M.S. and Rule 73.01(d) V.A. M.R. The broad general rule covering the right of a wife in a divorce suit to have temporary allowances was set forth by this Court in Noll v. Noll (Mo.App.) 286 S.W. 2d 58, 61, and is as follows:

"It must be kept in mind that prior to the adoption of our Married Women's Act, Section 451.250 et seq., RSMo 1949, V.A.M.S., the right of the wife to alimony pendente lite was absolute, and it was allowed as a matter of course. Since that time, the right of the wife to such allowances depends upon her financial

necessities, and the financial ability of the husband. Robertson v. Robertson, 137 Mo.App. 93, 119 S.W. 533; Rutledge v. Rutledge, 177 Mo.App. 469, 119 S.W. 489; and Gregg v. Gregg, 272 S.W.2d 855. It is uniformly held that if a wife has sufficient funds to support herself and to properly prosecute her case or her defense, then she is not entitled to alimony pendente lite. * * *" Citing cases.

We do not believe that under the evidence here the wife has sufficient funds to support herself according to the status to which she is entitled and to properly prepare her defense. She has no income. Her before-marriage income from the restaurant is gone at the insistence of her husband. Her clothing store venture is not yet in operation. She has outstanding bills and probably a period of some time will pass before there will be a trial on the merits. Really the only issue presented by this appeal is whether or not the allowances are excessive or if the judgment amounted to an abuse of judicial discretion.

Summarizing the evidence we find a suit for divorce by the husband who has assets of nearly one million dollars, and an annual income of $42,000.00. The wife has $8,100.00 invested in an about to be embarked upon business venture and some $1,200.00 in cash. Her husband has furnished her no funds during the nearly two months of their separation. It will probably be a period of many weeks or a few months before a trial on the merits can be had. She claims her present living expenses (partly to maintain her position as Mrs. Berbiglia—wife of a very well-to-do Kansas City businessman) requires nearly $900.00 per month. The Court allowed her $750.00 per month commencing August 1, 1968 (two months after separation) as temporary alimony. Under the testimony we feel that such an allowance is justified. We shall certainly not say it is clearly erroneous. Additionally the Court allowed $500.-00 "for fees". This allowance is clearly suit money. It was shown that defendant had been required to deposit $175.00 with the court reporter prior to taking depositions—presumably because defendant "had an out of town lawyer". In our opinion this allowance is not excessive. Third, the Court allowed a temporary attorney fee of $1,000.00. Considering plaintiff's financial statute and his ability to employ able counsel to represent him in this matter, we believe this attorney fee allowance is not excessive. The amount of this temporary allowance will, of course, be taken into account by the court when the final allowances, if any, are made.

In Gross v. Gross, (Mo.App.) 319 S.W. 2d 880, the husband had an annual gross income of $37,727.45. His wife was entitled to temporary allowances. The Court allowed a temporary attorney fee of $750.-00, then after a reconciliation between the parties but before trial on the merits, allowed $5,000.00 more. On appeal it was allowed to remain undisturbed. The opinion declares, too, (Syl. 3) that allowance of temporary alimony, suit money and attorney fees is largely within the discretion of the trial judge and his decision will not be interfered with on appeal unless it has been manifestly abused.

In Rush v. Rush, (Mo.App.) 284 S.W.2d 53, the husband's earnings were approximately $20,000.00 annually. He had a net worth in excess of $200,000.00. The Court allowed $750.00 monthly in temporary alimony, $100.00 suit money and $1,000.00 attorney fee. This Court held that such allowances were not excessive. See also McCarthy v. McCarthy, (Mo.App.) 329 S. W.2d 236. In Anderson v. Anderson, (Mo. App.) 437 S.W.2d 704, the husband's annual income was only about $7,500.00 per year but he had just inherited real estate valued at $200,000.00. He had remarried and was paying child support. However, this Court ordered payment of a $250.00 attorney fee and $1,000.00 for suit money covering a motion to modify.

Counsel for appellant stresses the fact that these parties had been married only a short while and the wife had made no contribution to the appellant's accumulation of wealth. These facts may be and undoubtedly will be considered if and when the question of making permanent allowances arises. In the meantime, plaintiff's wife is just as much entitled to an opportunity to be well prepared for trial as if she had been married to plaintiff for many years. We understand from counsel's oral argument that this cause has already been tried on the merits. We are not concerned on this appeal with the results of such a trial if there was one.

We have read and considered most of the opinions relied on by the plaintiff. In Rutlader v. Rutlader, (Mo.App.) 411 S.W. 2d 826, the controversy concerned final and not temporary allowances. Shapiro v. Shapiro, (Mo.App.) 238 S.W.2d 886, has to do with modification of an alimony judgment entered after a hearing on the merits. Woods v. Woods, 236 Mo.App. 855, 159 S. W.2d 320, merely holds that temporary allowances prior to trial on the merits are interlocutory and terminable when the case is heard on the merits.

Considering the respective financial positions of the parties, and bearing in mind that the wife is entitled to contest on a basis of at least near equality, we hold that the temporary allowances made by the trial court are within permissible limits, are not clearly erroneous and do not show an abuse of judicial discretion.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion by MAUGHMER, C., is adopted as the opinion of the Court.

All concur.